■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY CARTWRIGHT, Appellant. — Judgment, Supreme Court, New York County, rendered on May 3, 1971, affirmed. Concur — Stevens, P. J., Markewich, Murphy and Eager, JJ.; McGivern, J., dissents in the following memorandum: I regret that I must dissent and conclude there should have been a hearing before the trial to determine this defendant's sanity and capacity at the time of trial. Regrettably, the examination of the defendant by Dr. Train was after the trial, and the diagnosis was "Schizophrenia-Residual." I also think counsel for the defendant would have been better advised to have sought an independent psychiatric report to controvert the legalistic conclusion of Bellevue, dated February 22, 1971, that he was "competent to stand trial as defined in Section 658 CCP." His commitment to Dannemora State Hospital 25 days after sentencing confirms the validity of this open question. (People v. Frampton, 31 A D 2d 551; see, also, People v. Bangert, 22 N Y 2d 799; People v. Sprague, 11 N Y 2d 951; People v. Boundy, 10 N Y 2d 518.)

■ GEORGE OCSKAI, Appellant, v. DE LAVAL SEPARATOR COMPANY et al., Respondents-Appellants, and H. H. ROBERTSON & Co., Respondent. H. H. ROBERTSON & Co., Third-Party Plaintiff-Respondent, v. ALLIED ERECTORS, INC., Third-Party Defendant-Respondent. — Judgment, Supreme Court, New York County, entered on November 9, 1971, unanimously affirmed on opinion of Grossman, J., at Trial Term, without costs and without disbursements. No opinion. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES LEE HASKINS, Appellant.— Judgment, Supreme Court, Bronx County, rendered June 25, 1971, convicting defendant, after jury trial, of murder and possession of a weapon as a felony, unanimously reversed, on the law, and a new trial directed. The defendant was indicted for intentional murder and felonious possession of a weapon. The proof and the course of the trial plainly indicated the whole episode, which resulted in murder, was hatched earlier in a bar, and the plan principally involved the defendant and an accomplice, one Carter, who provided the gun, embarked on a "stick-up" together with the defendant, and who participated in the destruction of the gun, after the homicide. Under such circumstances, we hold that the accomplice, Carter, who testified at the trial, was an accomplice as a matter of law. (People v. Wyler, 37 A D 2d 375.) The Trial Justice, however, erroneously permitted this issue to go to the jury as a question of fact, as though the main issue was whether a felony murder had been committed, notwithstanding there was no felony murder charged in the indictment. Concur — Stevens, P. J., McGivern, Nunez, Tilzer and Capozzoli, JJ.