OPINION OF THE COURT
Herbert I. Altman, J.
The defendant, charged with the crime of criminal possession of a weapon in the third degree, moves for inspection of the Grand Jury minutes and dismissal of the indictment. I have inspected the minutes and although the evidence before the Grand Jury was legally sufficient, I find that the indictment must be dismissed as the proceeding was defective (see CPL 210.20, subd 1, par [c]; 210.35, subd 5). The integrity of the Grand Jury was impaired as the People improperly instructed the Grand Jury with regard to its duty to vote an indictment and with regard to the specific matter before it.
*211 I
The evidence before the Grand Jury indicates that the defendant was employed “to do general shop work” by Cox and Company (Cox), a manufacturer of electrical heating elements. He was arrested at his place of employment and, as a result of that arrest, a loaded pistol was recovered from his right front pants pocket. Testimony was adduced that Cox’ employees were not required to carry weapons, nor was the defendant specifically required during the course of his employment to carry a weapon. Moreover, the defendant’s responsibilities did not include the protection of money or other property.
II
The Grand Jury was asked to consider the crime of criminal possession of a weapon in the third degree. In response to an inquiry by the Assistant District Attorney, the Grand Jury indicated that it had been instructed as to subdivision (4) of section 265.02 of the Penal Law, which provides that a person is guilty of the crime of criminal possession of a weapon in the third degree when “[h]e possesses any loaded firearm. Such possession shall not, except as provided in subdivision one, constitute a violation of this section if such possession takes place in such person’s home or place of business.”
As no statutory definition of the phrase “place of business” exists, the Assistant District Attorney proceeded to provide the Grand Jury with additional instructions based on case law regarding the meaning of that phrase. The Assistant District Attorney informed the Grand Jury that “you must make at this time a factual determination as to whether the defendant Reinaldo Malave possessed the gun in his scope of his business responsibility and in the scope of his employment while working for the Cox and Company.” He then added: “that if you find that he was expected to be carrying a weapon in the scope of his employment, then you must vote a dismissal; but if you find that he did not and was not expected to carry a weapon in the scope of his employment, then I instruct you that you must vote an indictment of the felony crime, possession of a weapon in the third degree as it’s a factual determination for you to decide”.
*212 III
The Grand Jury “functions to protect the community from disruption by those who * * * [act] in ways not sanctioned by society-at-large, while, at the same time, protecting persons from unfounded accusations” (Matter of Keenan v Gigante, 47 NY2d 160,167-168, cert den 444 US 887). Unlike a petit jury, which bears “the ultimate responsibility of determining the guilt or innocence of the accused”, the Grand Jury serves “in our system * * * to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution” (People v Calbud, Inc., 49 NY2d 389, 394).
In order to help ensure that the Grand Jury properly performs its function, the court and the District Attorney are designated to act as its legal advisors (see CPL 190.25, subd 6). One of the duties of the legal advisor is that it “must instruct the grand jury concerning the law with respect to its duties or any matter before it” in instances “[w]here necessary or appropriate” (CPL 190.25, subd 6). No statutory provision expands upon the meaning of the phrase “necessary or appropriate”, or addresses the issue of the specificity required when instructions are given.
In People v Calbud, Inc. (49 NY2d 389, 394, supra) the Court of Appeals noted that due to the “functional difference” between the Grand Jury and a petit jury “it would be unsound to measure the adequacy of the legal instructions given to the Grand Jury by the same standards that are utilized in assessing a trial court’s instructions to a petit jury.” It further observed (p 394) that “the difference in the extent and quality of the legal instructions that it must be given to the two bodies is reflected” in CPL 190.25 (subd 6) and in CPL 300.10 (subd 2). Whereas CPL 190.25 (subd 6) merely requires that the Grand Jury must be instructed where “necessary or appropriate”, the court noted (p 394) that CPL 300.10 (subd 2) contains specific requirements concerning the legal instructions that must be provided to a petit jury. The court (pp 394-395) deemed “it sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there *213 exists legally sufficient evidence to establish the material elements of the crime.”
Consequently, it is not surprising that while CPL 300.10 (subd 4) mandates, inter alia, that the trial court in its instructions to the petit jury “must require that the verdict upon each * * * count be one of” four prescribed verdicts, CPL 190.60 is silent as to the duty of the legal advisor with respect to instructing the Grand Jury as to its options upon hearing the evidence before it. The language of CPL 190.60 is couched in terms of the permissive and merely provides that “[ajfter hearing and examining evidence * * * a grand jury may” take certain prescribed actions, including voting to indict an individual for an offense and voting to dismiss the charge before it.
Despite the silence of CPL 190.60 with regard to the duty of the Grand Jury’s legal advisor, it is significant to note that although CPL 190.65 establishes when a Grand Jury “may” vote to indict, CPL 190.75 (subd 1) provides that a Grand Jury “must” dismiss a charge before it where the evidence is legally insufficient to establish that the subject person committed the crime charged or any other offense or it is not satisfied that there is reasonable cause to believe that such person committed the crime charged or any other offense. Thus, while there is no statutory requirement that a Grand Jury “must” vote an indictment under CPL 190.65, there is statutory authority that a Grand Jury “must” dismiss a charge under certain circumstances pursuant to CPL 190.75 (subd 1).
IV
In view of the applicable law, I find that the Assistant District Attorney erred in two respects with regard to the legal instructions which he gave to the Grand Jury. First, I find that the Assistant District Attorney improperly instructed the Grand Jury as to its general duty to indict any defendant when he stated that the body “must” vote an indictment if it found that the defendant had not been expected to carry a weapon in the scope of his employment. By invoking such mandatory language he effectively usurped the Grand Jury’s prerogative to vote or not vote an indictment if it found that the evidence before it was legally sufficient to establish that the defendant commit *214 ted the crime charged or any other offense and that competent and admissible evidence before it provided reasonable cause to believe that the defendant committed the crime charged or any other offense (see CPL 190.65). Consequently, by instructing the Grand Jury in mandatory terms, the Assistant District Attorney improperly interfered with the general functioning of the Grand Jury.
Second, I find that the Assistant District Attorney misled the Grand Jury as to the specific law relating to this case when he instructed the Grand Jury that it “must” vote a dismissal if it determined that the defendant was expected to carry a weapon in the scope of his employment. It is clear that the Grand Jury was required by CPL 190.75 (subd 1) to vote a dismissal only if the evidence before it was legally insufficient to establish that the defendant had committed any offense or it was not satisfied that reasonable cause existed to believe that the defendant committed any offense. The Assistant District Attorney failed to instruct the Grand Jury that possession of a loaded weapon in one’s place of business, while not constituting a felony, may constitute the misdemeanor crime of criminal possession of a weapon in the fourth degree. Thus, the Grand Jury was not obligated to vote a dismissal had it found that although the evidence was insufficient as to the crime charged, it was sufficient as to the crime of criminal possession of a weapon in the fourth degree.
In instructing the Grand Jury as he did, the Assistant District Attorney gave that body the false impression that possession of a loaded weapon in one’s place of business is not a crime. The option of considering the lesser included offense of criminal possession of a weapon in the fourth degree was effectively removed from the Grand Jury’s consideration as a result of the Assistant District Attorney’s instruction that it “must” vote a dismissal if it found that the defendant had possessed the loaded weapon in his place of business.
Although it is within the People’s discretion in certain situations to determine which applicable offense or offenses it will have the Grand Jury consider (People v Di Falco, 44 NY2d 482, 486; People v Eboli, 34 NY2d 281), I find that when the Assistant District Attorney specifically *215 raised the issue of whether possession of the weapon occurred in the defendant’s place of business,* he was then obligated by fundamental due process fairness and the language of CPL 190.25 (subd 6) to expand upon his instructions and explain that possession in one’s place of business could constitute a crime. The Grand Jury was entitled to be fully instructed as to all of its options, including the option of charging the defendant with the misdemeanor offense.
Moreover, it cannot be said that the Assistant District Attorney’s instruction to the Grand Jury that it must vote a dismissal if it determined that the defendant was expected to carry a weapon in the scope of his employment and his failure to inform the Grand Jury as to the elements of the crime of criminal possession of a weapon in the fourth degree were errors that benefited the defendant. The Grand Jury, given the proper instructions, might well have opted to charge the defendant with the misdemeanor crime instead of indicting him for a felony.
V
I lastly note that, although the meaning of the phrase “possession * * * in such person’s * * * place of business” is not free from doubt, the Assistant District Attorney’s instructions regarding the term were adequate in view of the absence of a statutory definition and the unsettled state of the case law in this area (see People v Francis, 45 AD2d 431, affd 38 NY2d 150).
VI
I find that the indictment must be dismissed as the misleading nature of the People’s legal instructions with respect to the Grand Jury’s duty to indict and the specific matter before it was such that the integrity of the Grand Jury was impaired and, as a consequence, the Grand Jury proceeding was defective. The court in Calbud (49 NY2d 389, 396, supra) recognized that situations may arise where an indictment must be dismissed as the legal “instructions to the Grand Jury are so incomplete or mislead *216 ing as to substantially undermine” the historical function of the body, namely to act “as a buffer between the State ¿nd its citizens, protecting the latter from unfounded and arbitrary accusations”. This is found to be such a situation.
Leave to resubmit the matter before the same or another Grand Jury is granted.

 I find that in this case the question of whether the defendant possessed the weapon in his place of business was a mixed question of law and fact and, as such, properly before the Grand Jury for its consideration (see People v McWilliams, 96 Misc 2d 648; cf. People v Rondon, 109 Misc 2d 394).