OPINION OF THE COURT
Stuart Namm, J.
The defendant, Sean T. Delaney, is charged in indictment number 994-84 with one count of manslaughter in the second degree (Penal Law, § 125.15, subd 1) and two separate counts of operating a motor vehicle while under the influence of alcohol, as a misdemeanor (Vehicle and Traffic Law, § 1192, subds 2, 3).
INSTRUCTIONS TO THE GRAND JURY
Count one of the indictment is challenged on the ground that the Grand Jury proceedings were rendered defective by the prosecutor’s failure to instruct that body concerning (1) the weight, if any, to be accorded the testimony of an expert witness, and (2) the consideration of lesser included offenses to the crime of manslaughter in the second degree. Defendant, however, offers no case or statutory authority which requires dismissal of the indictment upon such grounds.
*929 Recently, the Court of Appeals in a divided opinion deciding that the District Attorney need not charge the Grand Jury with every potential defense suggested by the evidence wrote: “[t]he District Attorney is free to seek an indictment for the highest crime the evidence will support.” (People v Valles, 62 NY2d 36, 39.)
In seeking an indictment must the prosecutor submit all potential lesser included offenses to the Grand Jury which the evidence might support? Considering the language of the court in Valles (supra), the answer appears to be no. Accordingly, the request to dismiss count one upon the ground that the prosecutor failed to instruct the Grand Jury as to potential lesser included offenses of the crimes charged therein is denied.
The court also perceives no violation of the prosecutor’s duty as legal advisor to the Grand Jury by failing to instruct its members concerning the evaluation and weight to be given an expert’s testimony. “[A] Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law” (People v Calbud, Inc., 49 NY2d 389, 394); instructions are “sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime” (pp 394-395).
An instruction relating to the assessment of the credibility of an expert witness is not needed in order to pass upon the existence of legally sufficient evidence necessary to establish the elements of a particular crime. The omission of an instruction concerning the weight, if any, to be accorded an expert’s testimony is not of such magnitude as to prejudice the defendant’s interests, to the extent that the integrity of the Grand Jury will be impaired thereby.
DISCOVERY OF THE GRAND JURY TESTIMONY OF THE ACCIDENT RECONSTRUCTION EXPERT
Defendant has demanded the production of any written report or document concerning a scientific test or experiment which was prepared in this action. (CPL 240.20, subd 1, par [c].) The prosecutor states that no such report exists, *930 however, since it is the “practice” of the accident reconstruction expert, whom they engaged to investigate this incident, not to issue written reports. Additionally, the prosecution notes that in his past experience utilizing such experts that they, too, do not issue written reports of their accident investigations. Notwithstanding the absence of a formal written report, he contends that the defendant has been “fully apprised of the results of the tests performed even though no report per se is in existence.” Although the People’s expert testified before the Grand Jury, the prosecution contends that the defendant is not entitled to release of such testimony as a matter of discovery since the release of Grand Jury minutes of a witness’ testimony is proscribed by statute. (CPL 210.30, subd 3.)
Defendant counters that it is inconceivable that such expert witness testified before the Grand Jury solely from memory and, if no formal written report exists, disclosure of the expert’s testimony before the Grand Jury is required in lieu of any written report.
Clearly CPL 210.30 (subd 3) provides no authority for the release of the expert’s Grand Jury testimony. Release of such material is limited to an instance whereby the court has determined that assistance of defense counsel is required in order to decide a motion to dismiss an indictment upon the ground that the evidence presented to the Grand Jury is legally insufficient to support a charge. Assistance of counsel herein for that purpose is clearly not required by the court.
However, the court firmly believes that the discovery statute affords ample authority for the release of this expert’s Grand Jury testimony as a written report or document which concerns a scientific test or experiment relating to the instant criminal action (CPL 240.20, subd 1, par [c].)
As the Court of Appeals noted in People v Copicotto (50 NY2d 222, 226): “The criminal discovery procedure embodied in article 240 * * * evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial. Broader pretrial discovery enables the defendant to make a more *931 informed plea decision, minimizes the tactical and often unfair advantage to one side, and increases to some degree the opportunity for an accurate determination of guilt * * * In short, pretrial discovery * * * contributes substantially to the fair and effective administration of justice.”
Viewed from this perspective, discovery involves a substantial right, not merely a procedural one. The test of what must be disclosed is simple fairness. (People v Fein, 24 AD2d 32, affd 18 NY2d 162.)
It is undisputed that the critical trial witness testifying on behalf of the prosecution will certainly be the accident reconstruction specialist whose expert opinion provides the sole basis to establish the respective speeds and roadway positions of the two vehicles immediately prior to their impact, especially since there are no eyewitnesses to the event other than the defendant.
In the view of the court, the Grand Jury testimony of the accident reconstruction specialist sets forth his opinion as to how the instant offense occurred, and the reasoning used by him to reach this conclusion. As such, the transcript thereof constitutes a written report or document within the meaning of CPL 240.20 (subd 1, par [c]). There exists no basis for ignoring the plain wording of the statute simply because the report or document is found in the form of the minutes of his testimony contained in Grand Jury minutes. Nor is it necessary that the witness himself prepare the written form. Such interpretation would defeat the purpose of the discovery statute and the spirit and legislative intent described by Chief Judge Cooke in People v Copicotto (supra).
Although the court does not ascribe any evil motive to the “practice” of the expert witness herein not to prepare a formal written report, such practice cannot be used to defeat the defendant’s substantial right to disclosure of a scientific test or experiment which he has performed. Moreover, the court notes that the Grand Jury testimony of this witness would in any event be discoverable at trial as Rosario material. (CPL 240.45, subd 1, par [a].)
Thus, the main issue before the court is when disclosure in this instance should be made. In the court’s view disclosure is required now in order to permit the defense to *932 utilize the material effectively in the preparation of his defense. In this situation disclosure at trial merely places the defendant at an unfair disadvantage, contrary to the very purpose of disclosure.
Accordingly, the prosecution shall make available to counsel for the defendant, within 15 days from the date of receipt of this decision, the minutes of the testimony of Stephen A. Coulon, for inspection or copying, which are embodied in pages 23 to 35 inclusive of the record dated June 7,1984. The People shall also permit the defendant to inspect or copy any written notes or memoranda prepared by this expert relating to the tests he performed in reaching his opinion including any measurements, computations and calculations and any other writings prepared by any law enforcement personnel, including the District Attorney, which embodies such scientific tests or experiments or which were prepared to assist the expert in rendering his opinion. In the event the prosecution believes that any such material constitutes “attorney’s work product” within the meaning of CPL 240.10 (subd 2), the People are granted leave to apply to the court for a protective order upon the grounds set forth in CPL 240.50, or upon the additional ground that, such material is exempt from disclosure.