OPINION OF THE COURT
Shirley R. Levittan, J.
By way of papers denominated “motion pursuant to GPL § 190.25 and related relief” Mr. Ronald Fields, a member of the Grand Jury which investigated the death of Michael Stewart, now petitions this court for an order granting a full evidentiary hearing into the conduct of the District Attorney of New York County in presenting this case to the Grand Jury and for permission that all grand jurors with relevant testimony be permitted to testify. Mr. Fields *919 also requests the court’s permission that he, and any other grand juror who so desires be released from their obligation of secrecy and be permitted to communicate with the Governor of the State of New York, or his designee, and report to the Governor what Mr. Fields perceives as the District Attorney’s misconduct.
On October 5, 1984, the indictment voted by the Grand Jury on the Stewart case was dismissed with leave to represent (People v Kostick, index No. 3590/83) owing basically to the improper acts of this very grand juror. The petition, however, has not been mooted and the court will decide the applications before it.
The basis for these petitions are, according to Mr. Fields, that the District Attorney, while presenting to the Grand Jury the investigation into the death of Michael Stewart “acted in such a way as to obstruct the grand jury’s investigation * * * and interfered with its independent function.” Mr. Fields argues that as a result of the District Attorney’s misconduct he should no longer be bound by the Grand Jury secrecy provisions of CPL 190.25 and section 215.70 of the Penal Law and be permitted to state on the record facts which he claims support his allegations (People ex rel. Hirschberg v Board of Supervisors, 251 NY 156). He also contends that even if he remains bound by CPL 190.25 and section 215.70 of the Penal Law the court in its discretion should release him of his oath of secrecy and be allowed to testify at a hearing (see Matter of District Attorney of Suffolk County, 58 NY2d 436).
At the outset the court should note that this application should not now be necessary. In response to his incongruous inquiries Mr. Fields was correctly advised by Professor Uviller of Columbia University School of Law that if he was dissatisfied with the District Attorney’s presentation of a matter, his concerns should have been discussed with the entire Grand Jury. Then, if a majority of grand jurors concurred, the Grand Jury as a body could have sought to rectify the situation immediately. As Mr. Fields was aware of the proper procedure, the court must now assume that either Mr. Fields failed to persuade a majority of the Grand Jury that there were problems with the District Attorney’s presentation or, he never discussed his concerns with his *920 fellow grand jurors. In either event it now appears that he is acting solely as an individual.
Turning to the first and second branches of Mr. Fields’ application, the court cannot grant the relief requested. Before a court conducts a hearing there must be a stated recognizable legal objective to the hearing. For instance, it is common in a criminal proceeding for the court to conduct a hearing to determine if the defendant’s rights under the Fifth Amendment were scrupulously honored when he was in custody. In such an example the legal objective, or relief sought, is the suppression of those statements at trial. Mr. Fields, on the other hand, requests a hearing before this court but does not state the relief he seeks as a result of this hearing. Absent such a legal objective a hearing is transformed into a forum for the mere ventilation of charges. A court of law is not an investigatory body or a public platform and this court will not allow it to be treated as such.
If the unstated objective of Mr. Fields’ application for a hearing into the conduct of the District Attorney is the disqualification of the District Attorney from prosecuting the Stewart case and the appointment of a Special Prosecutor, the hearing is still denied. The removal of the District Attorney is beyond the power of this court. Such relief can only be granted by the Governor (see NY Const, art XIII, § 13, subds [a], [b]). Therefore, a hearing in this issue would be no more than an exercise in futility — or publicity.
In the third branch of this petition Mr. Fields asks to be freed from his oath of secrecy for the purposes of meeting with the Governor or his designee. While it is the right of every citizen to contact the Governor’s office when he or she believes an injustice has occurred, when this right conflicts with the precious secrecy of Grand Jury proceedings, certain restrictions must be imposed. The secrecy surrounding the Grand Jury is jealously guarded because the confidentiality of its proceedings is necessary to ensure its continued effectiveness (Matter of Carey [Fischer], 68 AD2d 220, 229). The most often cited reasons in support of Grand Jury secrecy are: (1) prevention of flight by a soon-to-be-indicted defendant; (2) protection of the grand jurors; *921 (3) prevention of the subordination of perjury and tampering with witnesses; (4) protection of the innocent accused; and (5) assurance to prospective witnesses that their testimony will be kept secret so they will be willing to testify (People v Di Napoli, 27 NY2d 229, 235).
In view of the dismissal of the indictment voted by the Grand Jury of which Mr. Fields was a member, the preservation of the secrecy requirements is all the more important. It has been indicated that there will be a re-presentation to a different Grand Jury. In order to protect the witnesses to safeguard possible accused persons, and to shield the new grand jurors themselves from interference, the secrecy of the proceeding already had must be meticulously guarded lest any action of the new Grand Jury be rendered nugatory by reason of further improper misconduct of any individual.
CPL 190.25 and section 215.70 of the Penal Law do, however, provide for the disclosure of Grand Jury proceedings when, in the discretion of the court, the party seeking disclosure by a factual presentation demonstrates that the public interest in favor of disclosure outweighs the public interest favoring secrecy (Matter of District Attorney of Suffolk County, 58 NY2d 436, 444, supra). Such a showing has not been made here in the slightest degree. There have only been amorphous charges. Everyone in this city agrees that a just and thorough investigation into the death of Michael Stewart is necessary. However, abandoning the secrecy of the Grand Jury is not the best means to insure that result. Indeed, in a case of such extensive publicity and high sensitivity, secrecy is even more fundamental to the ends of justice as it is highly probable that both the prosecution and defense would suffer irreparable prejudice if disclosure were to be allowed (Matter of Carey [Fischer], supra).
Nonetheless, that there must not only be justice but also, the appearance of justice, is more than a truism. Therefore, Mr. Fields, as is his right as a citizen, is permitted to contact the Governor or his authorized designee. However, in view of the Grand Jury secrecy requirements, he may do so only under the following restrictions. He may *922 communicate his allegations to the Governor or his designee only. Such allegations are not to be further disseminated — not to any other body or, person or persons — including any “extraneous counsel”, to use Professor Uviller’s phrase. Except for such communication to the Governor or his designee, Mr. Fields is not released from the secrecy requirements of grand jurors (CPL 190.25; Penal Law, § 215.70).