*783 OPINION OF THE COURT
Martin Marcus, J.
In this case the Grand Jury voted to indict the defendant on only one of three narcotics charges it was asked to consider. The defendant now argues that the charge for which he was indicted should be dismissed because the prosecutor did not offer the Grand Jury the alternative of indicting him for a lesser included offense. Because the prosecutor was not required to submit that lesser offense to the Grand Jury, the defendant’s motion to dismiss the indictment on this ground must be denied.
The defendant was indicted by the Grand Jury of Bronx County on November 27, 1992, and charged with the crime of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). He now makes an omnibus motion for inspection of the Grand Jury minutes and dismissal or reduction of the charges in the indictment, and for suppression of physical evidence. The defendant also moves for an order precluding the People from cross-examining him about his prior convictions or bad acts, or in the alternative, for Sandoval and/or Ventimiglia hearings.
The defendant’s motion to inspect the Grand Jury minutes is granted to the extent that the court has inspected and reviewed the minutes. The application for release of the Grand Jury minutes to defense counsel is denied as being unnecessary for the determination of this motion. The evidence presented to the Grand Jury was sufficient to support the charge contained in the indictment, and his motion to dismiss the indictment or, in the alternative, to reduce the charge on this ground is denied.
The defendant also moves to dismiss the indictment on the general ground that the District Attorney’s legal instructions to the Grand Jury were insufficient. The instructions were not defective within the meaning of CPL 210.35, and his motion to dismiss on this ground is denied. More specifically, the defendant claims that the integrity of the Grand Jury was impaired by the prosecutor’s failure to submit to the Grand Jury the crime of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) as a lesser included offense of that for which he was indicted. This claim, too, is without merit.
In the Grand Jury, Police Officer Darrin Porcher testified concerning his encounter with the defendant on November 6, *784 1992. According to Officer Porcher, at approximately 3:55 p.m., he observed the defendant at the corner of East 152nd Street and Courtland Avenue in Bronx County, and heard him yelling out, "gold tops, gold tops.” After seeing another individual purchase a gold top vial from the defendant, the officer —who was dressed in plain clothes — approached the defendant and told him that he wanted one. In response, the defendant handed Officer Porcher a vial of crack. The officer then arrested the defendant and thereafter recovered another eight vials from a paper bag he removed from the defendant’s right front pants pocket.
Appearing before the Grand Jury the same day as Officer Porcher, the defendant volunteered to the grand jurors that he had a 20-year history of drug use and shoplifting. He then went on to give a version of the encounter between himself and Officer Porcher very different from that to which Porcher had previously testified. According to the defendant, Officer Porcher approached him and asked him a question, either directly "about some drugs” or, more generally, about what the defendant was doing. The defendant, who was then "fixing up a bottle to smoke as a joint,” told the officer he was smoking gold tops. The officer then handcuffed and searched him, taking $100 from the defendant’s pocket. Although he conceded that Officer Porcher found a paper bag containing eight or nine "bottles” of crack, he contended that the officer retrieved the bag not from the defendant’s pocket, but on the ground and under some garbage, where the defendant said he had previously placed it. The defendant claimed he had purchased the vials at 138th Street and Brook Avenue at about 3:15 that afternoon, and that he intended to smoke the vials himself.
After the conflicting testimony, the Assistant District Attorney presenting the case to the Grand Jury asked it to consider charging the defendant with one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), for the one vial the defendant allegedly gave to Officer Porcher, and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), one for possessing that same vial with intent to sell it, and another for possessing with intent to sell the eight vials found in the paper bag. Before returning the indictment, the Grand Jury asked "if the two possession counts * * * could be voted on separately[,] or could you explain the two counts.” In response, the Assistant explained that,
*785 "The reason I’m asking you to consider two counts of 220.16 (1), is as follows. The one count with respect to the one vial allegedly sold by the defendant to the police officer and the second count * * * for the other eight vials that were found allegedly on the defendant’s person.
"If you find by the credible evidence adduced that the remaining eight vials were for sale then you may wish to vote an additional count of 220.16 (1). That is the reason why there are two counts. You are being asked to consider one for the first vial that was allegedly sold and the other for the remaining eight vials that were found on his person in a search incident to arrest.”
The Grand Jury then voted to charge the defendant with only one count of criminal possession in the third degree, for possession of the eight vials with intent to sell them.
From the Grand Jury decision not to indict him on the charges related to the sale described by Officer Porcher, the defendant infers that the Grand Jury rejected the officer’s version of their encounter in favor of his own. Relying upon this inference, he insists that the Grand Jury must have believed that he possessed the eight vials only for his own use. Accordingly, he says, it should have been permitted to consider the lesser included charge of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), simple possession of a controlled substance, for which no intent to sell is required. In response, the People argue that if the Grand Jury had, in fact, found that the defendant possessed the vials only for his own use, it could— and would — have refused to indict him for criminal possession in the third degree, for which intent to sell is a necessary element.
CPL 300.50 governs the submission of lesser included charges to a trial jury. Had this question arisen at trial, CPL 300.50 (1) would clearly have authorized the trial court to submit to the jury the lesser included misdemeanor possession charge, since the defendant’s testimony presented, in the words of that provision, "a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater.” Had the defendant requested that lesser charge at trial, CPL 300.50 (2) would just as clearly have required the court to do so. These statutes, however, have no application to the proceedings of a Grand Jury.
*786 CPL article 190, which does govern Grand Jury proceedings, contains no provision comparable to section 300.50 specifically setting forth when a prosecutor may or must submit a lesser included offense to a Grand Jury. Section 190.55 (2) (c) provides that, "A district attorney may submit to a grand jury any available evidence concerning an offense prosecutable in the courts of the county”,[1] and CPL 190.25 (6) states only that, as the Grand Jury’s legal advisor, the District Attorney is obliged to instruct the Grand Jury "[w]here necessary and appropriate * * * with respect to its duties or any matter before it.” From these more general provisions, then, the prosecutor’s obligation to present lesser included offenses to a Grand Jury must be construed.
In general, a prosecutor need not instruct a Grand Jury as precisely or as extensively as a trial court would instruct a petit jury. (People v Caracciola, 78 NY2d 1021, 1022 [1991]; People v Calbud, Inc., 49 NY2d 389, 394 [1980].) Still, the prosecutor must insure that the Grand Jury has been provided with sufficient information "to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime.” (People v Calbud, Inc., 49 NY2d, at 394-395, supra.) Moreover, the prosecutor may not instruct the Grand Jury in a manner that is "so misleading or incomplete as to substantially undermine the integrity of the proceedings.” (People v Caracciola, at 1022, supra, citing People v Batashure, 75 NY2d 306, 311-312 [1990].)
The determination of when and what charges to present to the Grand Jury lies within the "broad discretion” of the District Attorney. (People v Di Falco, 44 NY2d 482, 486 [1978]; see also, People v Zimmer, 51 NY2d 390, 394 [1980] ["almost invariably it is the prosecutor who decides whether a case is to be pressed or dropped and what the nature of the specific offense or offenses to be lodged against a defendant is to be”].) As the Court of Appeals has held, "[t]he District Attorney is free to seek an indictment for the highest crime the evidence will support,” and need not present to the Grand Jury every defense suggested by the evidence. (People v Valles, 62 NY2d *787 36, 39 [1984]; see also, People v Lancaster, 69 NY2d 20, cert denied 480 US 922 [1987].)
In Valles (supra), the defendant was indicted for the crime of murder in the second degree despite his testimony before the Grand Jury that the shooting resulted from his attempt to protect his stepdaughter from an attack. At the defendant’s request, the prosecutor had charged the Grand Jury concerning the defense of justification. No instructions were given, however, concerning the defense of extreme emotional disturbance. Conceding that the latter defense "may have been suggested by the evidence” (62 NY2d, at 38, supra), the Court of Appeals nonetheless held that the prosecutor was not obliged to instruct the Grand Jury on its application to the case.
Observing that "[t]he Grand Jury’s function [is] to protect citizens from having to defend against [unwarranted] accusations,” the Court reasoned that, "the question of whether a particular defense need be charged depends upon its potential for eliminating a needless or unfounded prosecution.” (People v Valles, 62 NY2d, at 38, supra.) In that case, had the Grand Jury accepted the complete defense of justification, no indictment would have been returned. Because of this possibility, the prosecutor was required to present the justification defense to the Grand Jury. In contrast, the defense of extreme emotional disturbance, if accepted by the Grand Jury, would only have reduced the charge from murder in the second degree to manslaughter in the first degree. Because acceptance of this mitigating defense would have only reduced the charge returned against the defendant, and would not have prevented his indictment entirely, its presentation to the Grand Jury was unnecessary. (62 NY2d, at 39, supra.)
Logically, if a Grand Jury need not consider a mitigating defense suggested by the evidence, then it also need not consider a lesser included offense a reasonable view of the evidence might support. This is so because, just as the acceptance of a mitigating defense would reduce, but not obviate, a criminal charge, so, too, would a Grand Jury’s decision that the evidence made out a lesser offense, but not the greater one in which it was included.
Indeed, from the defendant’s point of view, the failure to present a lesser included offense to a Grand Jury is less prejudicial than the decision not to instruct it concerning a mitigating defense. If the prosecutor gives no instructions *788 concerning a mitigating defense, the Grand Jury will not consider it. However, even if it is not charged concerning the availability of a lesser charge, a Grand Jury must still determine whether the evidence makes out each element included in the greater crime but not the lesser. Thus, in Valles (supra), because the Grand Jury was not asked to do so, it never passed upon the evidence of extreme emotional disturbance before indicting the defendant for murder. In this case, however, the Grand Jury was instructed that it could indict the defendant for possession of the crack vials only if it found —as it evidently did — that he possessed them with intent to sell.
Relying on the language of Valles (supra), at least one court has held that a Grand Jury need not be asked to consider every lesser included offense the evidence before it might support. (People v Delaney, 125 Misc 2d 928 [Suffolk County Ct 1984].)[2] Moreover, while another court has dismissed an indictment at least in part for failure to submit a lesser included charge to a Grand Jury, its decision to do so was confined to facts and circumstances not present here.
In People v Malave (124 Misc 2d 210 [Sup Ct, NY County 1984]), the defendant was indicted for criminal possession of a weapon in the third degree based upon evidence that he possessed a gun at the company where he was employed. The prosecutor told the Grand Jury to determine from the evidence whether the defendant carried the weapon in the scope of his employment.[3] He then added that if the Grand Jury found that the defendant was expected to carry a weapon in the scope of his employment, then it "must vote a dismissal”, but if it found that he was not expected to carry a weapon then it "must vote an indictment for the felony crime [of] possession of a weapon in the third degree.” (People v Malave, 124 Misc 2d, at 211, supra.)
The court dismissed the indictment because of two errors it *789 found in the prosecutor’s instructions to the Grand Jury. The first was the prosecutor’s direction to the Grand Jury that it "must” indict if it found the weapon was not possessed within the scope of the defendant’s employment. The court held that this instruction was inconsistent with the discretion implicitly given to a Grand Jury by CPL 190.65, which provides that, upon finding, inter alia, reasonable cause to believe a person committed an offense, a Grand Jury "may” indict that person for that offense. In this case, however, the Grand Jury was charged properly, in permissive rather than mandatory language.
Malave (supra) also found error in the prosecutor’s failure to instruct the Grand Jury concerning the lesser included offense of criminal possession of a weapon in the fourth degree. The obligation to present that lesser offense arose, though, not from the evidence before the Grand Jury, but from the misleading nature of the prosecutor’s instructions. CPL 190.75 (1) authorizes a Grand Jury to dismiss a charge that a person committed a crime if it finds no reasonable cause to believe that the person committed that crime "or any other offense.” Yet in Malave the prosecutor charged the Grand Jury that if it found possession of a weapon to be within the scope of the defendant’s employment, it "must vote a dismissal,” without also informing the Grand Jury that he could still be indicted for the lesser included crime of criminal possession of a weapon in the fourth degree. By thus giving the Grand Jury "the false impression that possession of a loaded weapon in one’s place of business [was] not a crime” (124 Misc 2d, at 214, supra), the prosecutor impaired the integrity of its proceedings, requiring that the indictment be dismissed.[4]
In this case, the Grand Jury was not told that it "must vote to dismiss” if it found the defendant possessed the vials without intent to sell them. Instead, it was told only that, "If *790 you find by the credible evidence adduced that the remaining eight vials were for sale then you may wish to vote an additional count of 220.16 (1).” Thus, it was not affirmatively misled, like the Grand Jury in Malave (supra), into believing that possession without intent to sell was not itself a crime. Accordingly, the prosecutor’s decision not to present to the Grand Jury the lesser included charge along with the greater did not impair the integrity of the Grand Jury’s proceedings.
The defendant’s other objections to the method and manner of the Grand Jury proceedings are also rejected. The minutes reveal that a quorum of grand jurors was present during the proceedings and at the time the Assistant District Attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all of the evidence could participate in voting on the matter. Thus, the proceedings were not defective within the meaning of CPL 210.35, and the defendant’s motion to dismiss the indictment on those grounds is denied.
The defendant moves for the suppression of physical evidence, including the vials, the paper bag in which they were found, and the money taken from the defendant, asserting that they were obtained unlawfully. The People deny his allegations and oppose his motion. Based on his and the People’s allegations, the defendant’s motion is granted to the extent that a hearing will be conducted before trial to determine the admissibility of the physical evidence.
Prior to trial, the People are to inform the defendant and the trial court what, if any, uncharged criminal, vicious or immoral conduct they will seek to introduce into evidence for a determination of its admissibility. The defendant’s motion for a Sandoval hearing and, if necessary, for a Ventimiglia hearing is granted, and the hearing or hearings shall also be held immediately prior to trial.
If and when the defendant makes any other motions, the court will consider whether to entertain them pursuant to CPL 255.20 (3).

. See also, CPL 190.55 (2) (a), which provides that, "A district attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant who, on the basis of a felony complaint filed with a local criminal court of the county, has been held for the action of a grand jury of such county.”

. Without discussion, Delaney (supra) was followed in James v Kelly (648 F Supp 397, 404 [ED NY 1986]). (See also, People v Harris, 100 Misc 2d 736 [Sup Ct, Kings County 1979] [prosecutor had no obligation to charge the Grand Jury that it could request that the case be removed to Family Court].)

. The Grand Jury heard testimony that none of the company’s employees, including the defendant, were required to carry weapons, and that the defendant’s responsibilities did not include the protection of money or other property. (People v Malave, 124 Misc 2d 210, 211 [Sup Ct, NY County 1984], supra.)

. Malave (supra) might be more broadly read to require that whenever an issue raised by the prosecution presents the possibility that the defendant committed a lesser included offense but not the greater one, the Grand Jury is "entitled to be fully instructed as to all of its options, including the option of charging the defendant with the [lesser included] offense.” (124 Misc 2d, at 215, supra.) Such an interpretation, however, is inconsistent not only with Malave’s focus upon the misleading instructions given to the Grand Jury, but also with the decision of the Court of Appeals in Valles (supra) and with the absence of a statutory provision governing the submission of lesser included offenses to the Grand Jury comparable to that which governs at trial.