THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARTH M. HILL, Respondent. [778 NYS2d 653]—

Appeal from an order of the Onondaga County Court (Anthony F. Aloi, J.), dated January 14, 2004. The order granted defendant's motion to dismiss the indictment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: The People appeal from an order granting defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) (c) on the ground that the grand jury proceeding was defective within the meaning of CPL 210.35 (5). We affirm for reasons stated in the decision at County Court. We note, however, that under CPL 190.50 (6) the decision whether to grant a defendant's request to call a person as a witness is solely within the discretion of the grand jury. The grand jury is given that discretion in the exercise of its function to "uncover the facts accurately and conduct a reliable investigation" (*People v Huston*, 88 NY2d 400, 409 [1996]). Here, in prior testimony, defendant had been identified by a single witness as looking like the shooter. The grand jury questioned the relevancy of the eight proposed witnesses requested by defendant because none of those proposed witnesses had been referred to by name in that prior testimony. Although the prosecutor knew from defendant's letter that the proposed witnesses would provide testimony in the nature of an alibi, the prosecutor told the grand jury, "I can't tell you anything. I don't know." The grand jury then voted to deny defendant's request. We conclude that the prosecutor's inaccurate and misleading answer to the grand

jury's legitimate inquiry impeded the grand jury's investigation, thereby substantially undermining the integrity of the proceeding and, at a minimum, potentially prejudicing defendant (*see id.* at 409-410; *People v Caracciola,* 78 NY2d 1021, 1022 [1991]). Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.