OPINION OF THE COURT
W. Patrick Falvey, J.
Defendant, Patricia H. Laumeyer, was indicted for one count of welfare fraud in the third degree, a class D felony, in violation of Penal Law § 158.15 and six counts of offering a false instrument for filing in the first degree, a class E felony, in violation of Penal Law § 175.35.
Defendant now moves for assorted forms of relief as requested in the defendant’s notice of omnibus motion dated June 8, 2005 and other supporting documents.
Upon argument of defendant’s omnibus motions on August 9, 2005 certain branches and elements therein were decided and determined upon said argument.
The court also reserved decision, at the conclusion of oral arguments on the following issues:
1. The grand jury proceedings failed to conform to the requirements of CPL article 190 pursuant to CPL 210.20 (1) (c) and 210.35;
2. Inspection of the grand jury minutes and, upon such inspection, for a dismissal of the indictment on the grounds that it was defective and/or the evidence before the grand jury was not legally sufficient to establish the offense(s) or any lesser offenses as well as other stated grounds (CPL 210.20 [1] [a], [b]; 210.30); or, in the alternative,
3. Reduction pursuant to CPL 210.20 (i-a).
Based on the defendant’s motion papers, the District Attorney’s responding affirmation dated July 29, 2005, the grand jury minutes, the arguments had and all the proceedings herein the court decides as follows:
*186 The Grand Jury Proceedings as Failing to Conform to CPL Article 190; Motion to Inspect and Dismiss
The defendant requests that the court disclose the minutes of the grand jury proceedings. However, maintaining the secrecy or confidentiality of grand jury minutes is a matter of paramount public interest. (Ruggiero v Fahey, 103 AD2d 65 [1984].) The secrecy is jealously guarded because confidentiality of its proceedings is necessary to ensure its continued effectiveness. (Matter of Grand Jury of N.Y. County, 125 Misc 2d 918 [1984].)
However, in the discretion of the trial court, disclosure may be directed, when after balancing of the public interest in disclosure against one favoring secrecy, the former outweighs the latter. (Matter of District Attorney of Suffolk County, 58 NY2d 436 [1983]; Matter of FOJP Serv. Corp., 119 Misc 2d 287 [1983].)
In order for the court to release the grand jury minutes to defense counsel, counsel must first “establish a compelling and particularized need for them.” (People v Robinson, 98 NY2d 755, 756 [2002].) “Only then must the court balance various factors to assess, in its discretion, whether disclosure is appropriate under the circumstances presented.” (Id.; People v Fetcho, 91 NY2d 765 [1998].) It is a two-step process that conforms to the due process requirements of the Constitution. (People v Ramos, 85 NY2d 678 [1995].)
Based on a review of the grand jury proceedings the court determines that it does not need counsel’s assistance by turning over said minutes in order to properly rule on this issue. The court finds no compelling and particularized need for disclosure that is persuasive enough to overcome the strong presumption in favor of secrecy. (FOJP, supra.) Furthermore, the defendant was not able to meet her burden to establish a compelling need for the minutes.
The defendant moves pursuant to CPL 210.20 (1) (c) that the grand jury proceeding was defective within the meaning of CPL 210.35.
An indictment regular on its face must be presumed to have been properly returned by the grand jury. (People v Smith, 128 NYS2d 90 [1953], affd 283 App Div 775 [1954].) Furthermore, grand jury proceedings carry a presumption of regularity and to overcome that presumption there must be a showing by the defendant of a particularized need or gross and prejudicial irregularity in the proceedings or some other similarly compelling reason. (People v Lewis, 98 AD2d 853 [1983].)
*187 The court finds no evidence to indicate that the grand jury was illegally constituted as contemplated by CPL 210.35 (1).
An indictment imparts absolute verity until properly impeached, and until there is satisfactory proof to the contrary it is presumptively regular, not only in its basis upon sufficient legal evidence but also in its foundation upon lawful proceedings by the grand jury, including due concurrence in indictment by the requisite number of grand jurors. (People v Brinkman, 309 NY 974, 975 [1956].)
The presumption is in favor of the validity of an indictment, which was presented by a grand jury, 22 of whose members were present when the case was presented. (People v Blair, 17 Misc 2d 265 [1942].) And the grand jury is privileged to return an indictment so long as at least 12 of the grand jurors who voted to indict heard all the essential and critical evidence. (People v Brinkman, supra; People v Infante, 124 AD2d 86 [1987].)
The court finds that the presentation of the case at bar was begun and completed in one day, that is April 8, 2005, and that at least 16 grand jury members were continuously present and heard all the essential and critical evidence (CPL 190.25 [1]) and more than 12 grand jurors voted to indict the defendant herein on all counts. (CPL 210.35 [2], [3].)
CPL 200.30 prohibits duplicitous counts. Therefore, each count of an indictment may charge only one offense.
Here the defendant argues that since count I charging welfare fraud in the third degree alleges that the fraudulent act comprised a number of acts over a period of time from May 2002 through February 2005, it is contrary to the statute because by definition a fraudulent welfare act (Penal Law § 158.00 [1] [b]) is meant to penalize a single act and not a number of criminal acts which are accumulated over a given period of time, which in this case increases the sanction by raising the value of the public assistance benefits received to exceed three thousand dollars.
The statute defines a “fraudulent welfare act” to mean that the defendant knowingly and with intent to defraud, engaged in an act or acts pursuant to which the defendant provided false information, to wit: by not advising the Yates County Department of Social Services of her self-employment income and that one Robert Plattner was living in her household which was information material to her obtaining and continuing the receipt of public assistance benefits (Penal Law § 158.00 [1] [b] [3]).
*188 In People v Keindl (68 NY2d 410 [1986]), the Court explained,
“The prohibition against duplicity furthers not only the functions of notice to a defendant and of assurance against double jeopardy, but also ensures the reliability of the unanimous verdict. If two or more offenses are alleged in one count, individual jurors might vote to convict a defendant of that count on the basis of different offenses; the defendant would thus stand convicted under that count even though the jury may never have reached a unanimous verdict as to any one of the offenses.” (Id. at 418.)
Defendant argues that each act in count I should be alleged as a separate act, which in effect would most certainly reduce the degree of severity of the crime.
However, this court finds that the crime of welfare fraud by its very nature may be committed by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time. (See, People v Barhan, 147 Misc 2d 253 [1990], citing People v Keindl, 68 NY2d 410 [1986].) The Barhan court held that acts occurring repeatedly over a period of time may be charged in a single count if the crime charged is a crime that by its nature may be committed by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time. (Id. at 257.)
In the case at bar each submission of an application taken together are multiple acts, but each by itself can also form the basis for a conviction of a particular degree of welfare fraud.
The defendant also asserts that the indictment is multiplicitous by charging six separate instances of offering a false instrument for filing in the first degree (counts II through VII), in which the same six separate criminal transactions form the factual basis for count I (welfare fraud in the third degree). Thus, in so charging multiple crimes arising from the same alleged events or transactions, the defendant is being subjected to multiple prosecutions arising from the same alleged acts.
Multiplicitous counts, similar to duplicitous counts, do not require dismissal of the accusatory instrument, but rather the dismissal only of those counts which may be deemed multiplicitous. This, in turn, only limits the quantum of punishment to be imposed if the accused is convicted after trial. (People v Smith, 113 AD2d 905, 907-908 [1985].)
Each count of an indictment may charge one offense only (CPL 200.30 [1]) and it is void as duplicitous if it does otherwise. *189 When a statute defines, in different subsections, different ways of committing an offense, and a single count in the indictment alleges facts which would support conviction under either subdivision, it charges more than one offense. (CPL 200.30 [2].) Therefore the test for duplicity is whether a defendant can be convicted of either of the crimes charged in the count if the District Attorney waives the other. (People v James, 98 AD2d 863 [1983].)
However, although only one offense can be charged in each count of an indictment (People v Brannon, 58 AD2d 34 [1977]), a variety of offenses may be charged in an indictment containing several counts.
The rules governing joinder are stated in CPL 200.20 (2), which delineates permissible joinder situations.
Indictments must charge at least one crime. (CPL 200.20 [1].) However, each count of an indictment is separate, distinct and independent of the other (People v Young, 29 AD2d 618 [1967], revd on other grounds 22 NY2d 785 [1968]) and each count is to be regarded as a separate indictment. (People v Delorio, 33 AD2d 350 [1970].) An indictment may, therefore, charge different crimes in separate counts even though a conviction on one would prejudice a finding of guilty on the others. (2 Waxner, New York Criminal Practice § 9.4 [5], at 9-34 [2d ed].)
Also, indictments may, on occasion, charge various degrees of the same crime in separate counts, all based upon the same act or criminal transaction. (Id.)
It should be noted that where offenses may be committed in different ways, counts of an indictment must specify or clearly indicate a particular subdivision or paragraph of a statutory provision violated, otherwise a duplicitous count results. (People v Richlin, 74 Misc 2d 906 [1973]; compare People v Haskins, 40 AD2d 962 [1972] [where the defendant was only charged with intentional murder, but the court also charged felony murder and the conviction was overturned on appeal].)
CPL 200.30 does not prohibit over indictment or multiple counts arising out of the same act or transactions. But it forbids the opposite and may be said to encourage multiple count indictments. For it bars charging within one count what may qualify as two different charges. As an example, each category of murder in the second degree must be charged in a separate count demonstrating the particular theory of murder involved. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, *190 Book 11 A, CPL 200.30, at 438-439; also see, People v Howard, 27 AD2d 796 [1967].)
Generally, the District Attorney is the prosecuting officer with the responsibility to conduct all prosecutions for crimes and offenses cognizable by the courts of the county in which he or she serves. (County Law § 700 [1].) The District Attorney has broad discretion in determining when and in what manner to prosecute a suspected offender. (People v Di Falco, 44 NY2d 482, 486 [1978].) Furthermore, the prosecutor, in the exercise of that discretion, may choose one of several applicable statutes under which to proceed. (People v Eboli, 34 NY2d 281, 287-290 [1974]; also see People v Lubow, 29 NY2d 58, 67 [1971].) Therefore, it is within the People’s discretion, in certain situations, to determine which applicable offense or offenses it will have the grand jury consider. (People v Malave, 124 Misc 2d 210 [1984].) However, if lesser offenses are introduced, the District Attorney is obligated to charge them fully before the grand jury. This is not the situation in the case at bar.
Even if the crimes charged have different elements of proof they are triable separately. (CPL 40.20 [2].) However, when they arise out of the same transaction, they are joinable. (CPL 200.20 [2] [a]; also see People v Ruzas, 54 AD2d 1083 [1976].) For example, it is proper under the CPL to join the charge of criminally negligent homicide, two charges of operating a motor vehicle while under the influence of alcohol and the charge of failing to drive on the right side of roadway, where all charges arose from the same automobile accident. (People v Butor, 75 Misc 2d 558 [1973]; also see People v Lopez, 59 AD2d 767 [1977].)
It is clear that each count in the indictment at bar charges one specific crime and clearly delineates the particular section and subdivision of the Penal Law involved.
Also instructive, but not definitive, is People v Baker (6 AD3d 1250 [2004]), affirming convictions of three separate counts, to wit: welfare fraud in the third degree, grand larceny in the third degree and offering a false instrument for filing in the first degree. However, the opinion does not set forth reasoning or the issues on appeal.
The basic crime of “[w]elfare fraud in the fifth degree” (Penal Law § 158.05) involves the commission of a “fraudulent welfare act” (§ 158.00 [1] [b]) and the taking or obtaining thereby of public assistance benefits (§ 158.00 [1] [c]). The aggravating element of the remaining four degrees of this crime is predicated on the value of the public assistance benefits taken or obtained. *191 This parallels the amounts set forth for larceny and other value-based crimes.
Therefore, the charges herein are neither multiplicitous nor duplicitous.
The defendant also alleges that the grand jury proceeding failed to otherwise conform to the requirements of CPL article 190 to such a degree that the defendant was prejudiced and that the grand jury’s integrity was impaired. (CPL 210.35 [5].) For example, defendant argues that one of the witnesses who appeared before the grand jury was somehow impeded in his or her testimony. The defendant cites People v Hill (8 AD3d 1076 [2004], lv granted 3 NY3d 707 [2004], affd 5 NY3d 772 [2005]), in support thereof. The Hill case is distinguishable in that in the case at bar there was no alibi issue raised and the witness in question was properly questioned by the prosecution.
The court has carefully reviewed the instructions given the grand jury by the court and District Attorney as well as CPL article 190 as it pertains to the present indictment.
In order to help ensure that the grand jury properly performs its function, the court and the District Attorney are designated to act as its legal advisors (see CPL 190.25 [6]). One of the duties of the legal advisor is that it “must instruct the grand jury concerning the law with respect to its duties or any matter before it” in instances “[w]here necessary or appropriate” (CPL 190.25 [6]). No statutory provision expands upon the meaning of the phrase “necessary or appropriate” or addresses the issue of the specificity required when instructions are given. (People v Malave, 124 Misc 2d 210, 212 [1984].) As Malave states (id. at 212-213, quoting People v Calbud, Inc., 49 NY2d 389, 394 [1980]), the Court of Appeals noted in part as follows:
“[D]ue to the ‘functional difference’ between the Grand Jury and a petit jury ‘it would be unsound to measure the adequacy of the legal instructions given to the Grand Jury by the same standards that are utilized in assessing a trial court’s instructions to a petit jury’ It further observed . . . that ‘the difference in the extent and quality of the legal instructions that it must be given to the two bodies is reflected’ in CPL 190.25 (subd 6) and in CPL 300.10 (subd 2). Whereas CPL 190.25 (subd 6) merely requires that the Grand Jury must be instructed where ‘necessary or appropriate’, the court noted *192 . . . that CPL 300.10 (subd 2) contains specific requirements concerning the legal instructions that must be provided to a petit jury. The court . . . deemed ‘it sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime.’ ”
Malave goes on to state (at 213): “CPL 190.60 is silent as to the duty of the legal advisor with respect to instructing the Grand Jury as to its options upon hearing the evidence before it. The language of CPL 190.60 is couched in terms of the permissive and merely provides that ‘[a]fter hearing and examining evidence ... a grand jury may’ take certain prescribed actions, including voting to indict an individual for an offense and voting to dismiss the charge before it.”
As legal advisor, the District Attorney is entrusted with the duty of instructing the grand jury concerning the law or any matter properly before it and normally it is sufficient for the prosecutor to read the appropriate Penal Law sections to the grand jury. (People v Kennedy, 127 Misc 2d 712 [1985].)
When considering the issue of sufficiency one must understand that the function of the grand jury is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution. This function is opposed to that of a petit jury, which bears the ultimate responsibility of determining the guilt or innocence of the accused. (Calbud, Inc., supra.)
Therefore, a grand jury indictment is authorized when the evidence before it is legally sufficient to establish that such person committed a crime, and competent and admissible evidence provides reasonable cause to believe that such person committed the crime. (CPL 190.65 [1].) And the standard of review upon a motion to dismiss for legal insufficiency is whether the evidence before the grand jury, if unexplained and uncontradicted, would warrant a conviction by a trial jury. (People v Pelchat, 62 NY2d 97 [1984]; People v Dunleavy, 41 AD2d 717 [1973], affd 33 NY2d 573 [1973].)
“Legally sufficient evidence” means competent evidence which, if accepted as true, would establish every element of the offense charged and the defendant’s commission thereof; except when corroboration required by law is absent. (CPL 70.10 [1].)
*193 Under CPL 70.10 (2) “[reasonable cause to believe that a person has committed an offense” exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.
Defendant also asserts that Crawford v Washington (541 US 36 [2004]) applies in the grand jury proceeding regarding any documents, to wit: certification applications signed by the defendant and presented by the People in that they were prepared for possible trial and therefore are testimonial.
Crawford has reestablished the importance of the Sixth Amendment right to confront witnesses in criminal prosecutions in that “[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him” (US Const Amend VI). The Confrontation Clause provides the accused with the right to physically face those who testify against him or her and the right to cross-examine witnesses against him or her.
As the High Court pointed out, “Our cases have thus remained faithful to the Framers’ understanding: Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.” (Crawford at 59.)
Clearly, by New York’s statutory provisions, the Confrontation Clause does not extend to grand jury proceedings. CPL 190.25 provides that grand jury proceedings are “secret” and specifies which persons may be present during the proceedings. The criminal defendant is only allowed to be present if he or she appears, with or without counsel, as a witness and waives immunity.
It should be noted that Crawford only applies to evidence that is “testimonial.” While statements made by a witness to a crime are generally testimonial, a statement made in the ordinary course of business without recognition that it may relate to criminal activity is not testimonial. Thus, the defendant’s written application for public assistance would be testimonial under Crawford. However, it is part of the People’s case-in-chief to show that the defendant signed the documents which are in themselves incriminating. This is no different than using the defendant’s written statement as proof in the case. To *194 require the author, here the defendant accused, to verify these statements would be a violation of the Fifth Amendment right to remain silent. Thus a defendant could hide behind this right and in effect not allow his or her statement to be used as proof at the grand jury presentation.
The evidence before a grand jury is legally sufficient if there is competent evidence, which, if accepted as true, establishes every element of the offense charged or a lesser included offense and the defendant’s commission thereof. (People v Mayo, 36 NY2d 1002 [1975].)
“Thus, it has been stated that ‘the evidence [before the Grand Jury] must be viewed in the light most favorable to the People, and it may be legally sufficient “although it does not even provide ‘reasonable cause’ to believe that the defendant committed the crime charged”.’ ” (People v Deitsch, 97 AD2d 327, 329 [1983].)
The motion having been granted to the extent that the court has made an in camera inspection of the grand jury minutes and, upon such reading, the court finding them to be legally sufficient, the motion to dismiss the indictment against the defendant upon the grounds that (1) the grand jury proceeding was defective, (2) the evidence before the grand jury was not legally sufficient to establish the offense(s) or any lesser included offense(s) or, in the alternative, (3) the charges should be reduced, is denied.
The defendant’s motion as decided herein is in all respects denied.