People v Davis (2018 NY Slip Op 02098)





People v Davis


2018 NY Slip Op 02098


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


408 KA 17-00956

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES DAVIS, DEFENDANT-APPELLANT. 






CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (AMANDA L. CASSELMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered March 23, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted menacing a police officer or peace officer. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted menacing a police officer or peace officer (Penal Law §§ 110.00, 120.18), defendant contends that the indictment must be dismissed because the prosecutor failed to inform the grand jury of defendant's request pursuant to CPL 190.50 (6) to call witnesses to the incident giving rise to the charges in the indictment. Contrary to the People's assertion, we conclude that defendant's contention "concerns the integrity of the grand jury proceeding . . . , and it therefore survives defendant's guilty plea" (People v Rigby, 105 AD3d 1383, 1383 [4th Dept 2013], lv denied 21 NY3d 1019 [2013]; cf. People v McCommons, 119 AD3d 1085, 1085 n [3d Dept 2014]; see generally People v Hill, 5 NY3d 772, 773 [2005], affg 8 AD3d 1076 [4th Dept 2004]). Nevertheless, defendant's contention is without merit inasmuch as the prosecutor properly informed the grand jury of his request to call the witnesses (see CPL 190.50 [6]; Rigby, 105 AD3d at 1383-1384). The record establishes that defendant requested in writing that the grand jury cause certain persons to be called as witnesses, and that the prosecutor read defendant's request to the grand jury and afforded the grand jury the opportunity to determine whether it wanted to hear testimony from those persons. "By pleading guilty, defendant forfeited his further contention that the indictment should be dismissed because the prosecutor failed to introduce exculpatory evidence before the grand jury" (Rigby, 105 AD3d at 1384).
Finally, we reject defendant's challenge to the legality and the severity of the sentence. County Court imposed the legal minimum sentence for a class E felony committed by a second felony offender (see Penal Law §§ 70.06 [3] [e]; [4] [b]; 110.05 [6]; 120.18) and, therefore, there is no basis for the exercise of our authority to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]; People v Barber, 106 AD3d 1533, 1533-1534 [4th Dept 2013]; People v Furman, 294 AD2d 848, 849 [4th Dept 2002], lv denied 98 NY2d 696 [2002]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court