(May 11, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EVON SERGEANT, Respondent. [597 NYS2d 350] —Order, Supreme Court, New York County (Jeffrey Atlas, J.), entered April 1, 1991, which dismissed indictment No. 2691/91, charging defendant with criminal possession of a weapon in the third degree, unanimously reversed, on the law and the facts, and the indictment is hereby reinstated.

The evidence presented to the Grand Jury consisted chiefly of the testimony of one of the arresting officers. He stated that after speaking with two individuals, he and his partner stopped a van driven by the defendant and found a loaded operable .22 caliber handgun inside a shaving kit which itself was contained in a tool box in the van. The van was not a taxi or otherwise offered for hire by the defendant. The defendant

did not present a valid license for the gun. The Grand Jury was also instructed on the permissive inference of possession allowed pursuant to Penal Law § 265.15 (3). Although provided with an opportunity to testify, the defendant did not present any evidence to the Grand Jury. The Grand Jury thereafter indicted the defendant and charged him with criminal possession of a weapon in the third degree.

The hearing court improperly dismissed the indictment on the ground that the Grand Jury was not informed by the prosecutor as to whether or not the van belonged to the defendant and as to whether or not the tool box and the shaving kit, in which the gun was found, were open or closed. The court's statements concerning whether certain information should have been put before the "trier of facts" were erroneous.

"A Grand Jury proceeding is not a 'mini trial' *(People v Brewster,* 63 NY2d 419, 422, *supra),* but a proceeding convened primarily ' "to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution" ' *(People v Valles,* 62 NY2d 36, 38, *supra)." (People v Lancaster,* 69 NY2d 20, 30.) The People generally enjoy wide discretion in presenting their case to the Grand Jury *(supra,* at 26). They are not obligated to search for evidence favorable to the defense, or to present all evidence in their possession that is favorable to the accused even though such information would allow the Grand Jury to make a more informed determination *(supra).*

The presumption allowed by Penal Law § 265.15 (3) does not involve ownership of the vehicle or knowledge of the location of the weapon. The presence of the person in the vehicle, and the absence of the exceptions enumerated in the statute are all that is required for the purposes of legal sufficiency. While the prosecutor is required to instruct the Grand Jury on the law with respect to the matters before it (CPL 190.25 [6]; *People v Valles,* 62 NY2d 36, 38, *supra),* the Court of Appeals has held that the prosecutor "need not instruct the Grand Jury as to every conceivable defense suggested by the evidence, but ordinarily need instruct only as to those 'complete' defenses which the evidence will support" *(People v Lancaster, supra,* at 26, quoting *People v Valles, supra,* at 39). Here, the facts concerning ownership of the van and the location of the gun, although helpful in overcoming the presumption allowed by the statute at trial, are not matters which the prosecutor was required to put before the Grand Jury. Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.