■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FRAZIER, Respondent. [606 NYS2d 682] —Order, Supreme Court, New York County (Bruce Allen, J.), entered October 23, 1992, which dismissed the indictment, unanimously reversed, on the law, and the indictment is reinstated.

The defendant was indicted on two counts of assault in the third degree stemming from an altercation which occurred in Greenwich Village on May 4, 1991. Seventeen witnesses testified before the Grand Jury. The complainant testified that although when the defendant first approached him, he was in a crouched position with his hands raised, the defendant threw the first punch.

After the indictment was voted, the prosecutor who presented the case to the Grand Jury spoke to another Assistant District Attorney with whom he had interviewed the complainant on the day of the incident. Although the second assistant recalled that the complainant had told them during the

interview that he had tried to punch the defendant first, but missed, the first assistant recalled that the complainant had recounted the incident in conformity with his Grand Jury testimony. The prosecutors thereafter informed defense counsel of their differing recollections. He then moved to dismiss the indictment for failure of the prosecution to disclose the complainant's prior inconsistent statement to the Grand Jury. The Supreme Court granted the motion and dismissed the indictment with leave to the People to re-present the matter to another Grand Jury.

The People were not required to introduce the purported statement at issue to the Grand Jury. "The proper purpose of an indictment is to bring a defendant to trial upon a prima facie case which, if unexplained, would warrant a conviction" *(People v Brewster,* 63 NY2d 419, 422; *People v Mitchell,* 82 NY2d 509). The People have broad discretion in presenting their case to the Grand Jury and "need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" *(People v Mitchell, supra,* at 515; *People v Lancaster,* 69 NY2d 20, *cert denied* 480 US 922; *People v Sergeant,* 193 AD2d 417).

The prosecutor herein did not knowingly present the Grand Jury with false information *(see, People v Mitchell, supra).* The proceedings were neither unfair nor biased, seventeen witnesses having testified, some favorably to the defense. Given the complainant's repeated denial of his intention to fight the defendant, it is also unlikely that he would have conceded making the purported prior inconsistent statement in any event.

Accordingly, the order is reversed and the indictment is reinstated. Concur—Sullivan, J. P., Carro, Rosenberger and Wallach, JJ.