OPINION OF THE COURT
Wachtler, J.
Defendant was arrested and charged with having shot and killed a man. Exercising his right to testify before the Grand Jury, defendant asserted that the shooting occurred as the result of his efforts to protect his stepdaughter from an attack. The charge of murder in the second degree,* and upon defendant’s specific request, the complete defense of justification, were submitted to the Grand Jury for its consideration. Defendant was indicted for murder in the second degree.
The evidence before the Grand Jury was clearly sufficient to establish a prima facie case. The indictment has been challenged on the ground that the Grand Jury proceedings were rendered defective by the prosecutor’s fail *38 ure to instruct that body concerning the affirmative defense of extreme emotional disturbance. Although that defense may have been suggested by the evidence, the courts below erred in dismissing the murder count of the indictment on this ground.
The District Attorney is required to instruct the Grand Jury on the law with respect to the matters before it (CPL 190.25, subd 6). Although the Grand Jury need not be charged with the same degree of precision as the petit jury, the District Attorney must give guidance adequate for the Grand Jury to carry out its function. We have held that, in the usual case, it is “sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime” (People v Calbud, Inc., 49 NY2d 389, 394-395). In this connection, we have recognized that a failure to furnish adequate or complete instructions may, in a given case, render the Grand Jury proceedings defective, mandating dismissal of the indictment {id., at p 395; CPL 210.20, subd 1, par [c]; 210.35, subd 5). This does not mean, however, that the Grand Jury must be charged with every potential defense suggested by the evidence.
The extent of the District Attorney’s obligation to instruct the Grand Jury concerning defenses must be defined with reference to the role of that body. “The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution” (People v Calbud, Inc., 49 NY2d 389, 394, supra). Viewed from this perspective, the question of whether a particular defense need be charged depends upon its potential for eliminating a needless or unfounded prosecution.
The appropriate distinction for this purpose is between exculpatory and mitigating defenses. An exculpatory defense is one that would, if believed, result in a finding of no criminal liability. The Grand Jury’s function being to protect citizens from having to defend against unfounded accusations, such complete defenses would ordinarily rest *39 peculiarly within that body’s proper domain. Thus, in the present case, had the Grand Jury believed that defendant’s acts were justified, no indictment would have been returned and an unwarranted prosecution would have been avoided. It is the possibility that criminal proceedings need not be undertaken at all which underscores the importance of the Grand Jury’s consideration of such defenses. This is so notwithstanding that, once a case goes to trial, the petit jury may disagree on the applicability of the same defense and find the defendant not guilty.
When a defense is urged in mitigation, on the other hand, it is not done in an effort to avoid criminal liability entirely; rather, it is an attempt to reduce the gravity of the offense committed. If believed, such a defense would not, by itself, result in a verdict of not guilty, and thus the criminal prosecution would not have been unwarranted. Because consideration of such defenses by the Grand Jury would not prevent unfounded criminal accusation, but would, at best, merely reduce the degree of the crime charged, their presentation to the Grand Jury will not ordinarily be mandated. The District Attorney is free to seek an indictment for the highest crime the evidence will support. It is not necessary that, having presented a prima facie case and those complete defenses suggested by the evidence, the District Attorney go further and present defenses in mitigation, which ordinarily will involve matters for resolution by the petit jury upon a full record.
Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed and the count of the indictment charging defendant with murder in the second degree reinstated.

 Weapons-related charges were also submitted to the Grand Jury. These counts of the indictment are not challenged on this appeal.