THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH PEDREIRA, Respondent.

The Grand Jury minutes reveal that the District Attorney advised the Grand Jury of the relevant law on the defense of justification. He was not required to elaborate any further, and accordingly fulfilled his duty as legal advisor to the Grand Jury (CPL 190.25 [6]; *People v Valles,* 62 NY2d 36; *People v Calbud, Inc.,* 49 NY2d 389). He also instructed the jury as to the necessary level of intent for each homicide charge.

It was not error for the District Attorney to instruct the Grand Jury that they could charge defendant with both murder in the second degree and manslaughter in the first degree in separate counts of the indictment. While defendant could not be convicted of both crimes after trial because manslaughter in the first degree is a lesser included offense of murder in the second degree, such limitations do not apply to the indictment. In fact, the CPL expressly contemplates the inclusion of a lesser included offense in a separate count of an indictment (*see,* CPL 300.50, 300.40). Consequently, the indictment was not defective. Gibbons, J. P., Weinstein, Brown and Niehoff, JJ., concur.