■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALLIES BOULEVARD BOOK STORE, INC., and NORTH STREET BOOK SHOPPE, INC., Respondents.—Mahoney, P. J. Appeal from an order of the County Court of Broome County (Monserrate, J.), entered December 9, 1985, which granted defendants' motion to dismiss the indictments.

In connection with an investigation conducted by the Broome County District Attorney's office to determine whether adult bookstores were selling obscene material, investigator Robert Tronovitch purchased sexually explicit magazines at three adult bookstores in Broome County owned by defendants.

Prior to making his purchases, Tronovitch informed the clerk at each bookstore that he was buying the magazines as a "gag gift" for a friend who was getting married. Each of the three stores had signs posted and stickers on the magazines indicating that "this store sells only to persons having scientific, educational, governmental or similar justification for possessing or viewing items purchased herein". Tronovitch purchased two magazines at each of the three stores.

After hearing testimony from Tronovitch and the employees

of the bookstores as well as reviewing the magazines as part of the evidence, the Grand Jury returned indictments on all six charges. In instructing the Grand Jury on the law, however, the prosecutor did not discuss the affirmative defense to obscenity contained in Penal Law § 235.15 (1), which states as follows: "In any prosecution for obscenity, it is an affirmative defense that the persons to whom allegedly obscene material was disseminated * * * consisted of persons or institutions having scientific, educational, governmental or other similar justification for possessing or viewing the same." County Court granted defendants' motion to inspect the Grand Jury minutes and, subsequently, granted defendants' motion to dismiss the indictments. This appeal by the People ensued.

Since the Court of Appeals held in *People v Illardo* (48 NY2d 408) that the above-quoted affirmative defense was not constitutionally infirm, and, further, since our highest court in *People v Valles* (62 NY2d 36) held that, when exculpating affirmative defenses are supported by the evidence, the prosecutor has an obligation to instruct the Grand Jury on such complete defenses, the sole issue presented for our resolution is whether, given the facts present here, the People committed reversible error in failing to instruct the Grand Jury on the affirmative defense to obscenity.

It is our view that posting of signs, in and of itself, is insufficient to trigger the protection of Penal Law § 235.15 (1). The three clerks who rang up the sales at defendants' bookstores all conceded that Tronovitch told them he was purchasing the magazines as a gag gift. Further, there was testimony that the clerks did not ask patrons about the purposes for which goods were purchased, nor were the clerks ever instructed by management to make such inquiries. Based on this testimony there was no issue of fact raised that the bookstores attempted to or intended to sell only to those classes of purchasers described in Penal Law § 235.15 (1). Accordingly, the prosecutor was under no obligation to instruct the Grand Jury on the affirmative defense to obscenity.

We also reject defendants' contention that because there was a governmental purpose underlying the purchases in this case (i.e., the obscenity investigation), such purpose automatically triggers the applicability of the affirmative defense. Such a construction of the statute would preclude any convictions for the crime of obscenity. The legislative intent in enacting Penal Law § 235.15 (1) was to require the disseminator of these materials to limit his sales to only those who may lawfully purchase the materials.

Finally, we also turn away defendants' argument that the indictments were fatally defective because the prosecutor included the word "erotic" as part of the definition of prurient in his instructions to the Grand Jury. It is defendants' view that inclusion of the word erotic in the definition expanded the scope of obscenity to include constitutionally protected expression. The cases cited by defendants in support of their contention *(Brockett v Spokane Arcades,* 472 US 491; *Goldstein v Allain,* 568 F Supp 1377) are inapposite because statutory language was at issue in those cases, not Grand Jury instructions. Further, it is well settled that minor flaws in the instructions to the Grand Jury on the law will not invalidate the indictments *(People v Calbud, Inc.,* 49 NY2d 389, 394-395). Here, any errors in the instructions were de minimis and should not vitiate the indictments.

Order reversed, on the law, and indictments reinstated. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur. *[See,* 130 Misc 2d 556.]