FOURTH DEPARTMENT, OCTOBER, 1991

(October 4, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID ROTH, LANCE WILSON, JAMES DOMERMUTH, and DOMERMUTH PETROLEUM EQUIPMENT AND MAINTENANCE CORPORATION, Doing Business as DOMERMUTH ENVIRONMENTAL SERVICES, Respondents.—Order modified on the law and as modified affirmed, and matter remitted to Onondaga County Court for further proceedings on the indictment, in accordance with the following Memorandum: Adam Keator, an employee of the corporate defendant, was killed by an explosion in a building owned by the defendant corporation while he was cleaning residual wastes from a tank trailer. Defendant James Domermuth, is President of the corporation; defendant David Roth is District Manager and defendant Lance Wilson is Operations Manager of the facility. Defendants were charged in a 14-count indictment with manslaughter in the second degree,

criminally negligent homicide, reckless endangerment and related charges involving falsification of business records, illegal possession and transportation of hazardous wastes and violations of a zoning ordinance. On defendants' motion, County Court dismissed all counts of the indictment against the individual defendants and dismissed all counts against the corporate defendant except counts 9 (unlawful possession of hazardous waste), 13 and 14 (zoning violations). On appeal, the People argue that the evidence before the Grand Jury was legally sufficient to support all counts of the indictment.

The court properly dismissed counts 1 (manslaughter in the second degree), 2 (criminally negligent homicide) and 4 (reckless endangerment in the second degree). The People failed to establish that the actual triggering cause of the explosion was foreseeable (see, People v Warner-Lambert Co., 51 NY2d 295, 306-307, cert denied 450 US 1031; People v Kibbe, 35 NY2d 407, 412-413). A fire investigator testified that the explosion was caused by the victim's use of a high pressure washer which shattered a non-explosion proof light he was holding and caused a spark to ignite combustible vapors. He acknowledged, however, in his testimony and report that other causes of the explosion were possible. An OSHA investigator and a medical examiner also suggested several other possible sources of ignition including static electricity from an unbonded washer nozzle or ungrounded tanker, gas-fired heaters, steel tools and non-explosion proof electrical panels, all present in the facility when the explosion occurred. Accordingly, here, as in People v Warner-Lambert Co. (supra, at 298-304), the evidence as to the actual, triggering cause of the explosion was hypothetical and speculative. We note also that the prosecutor erred in charging the Grand Jury that defendants could be indicted if "they recklessly created unsafe conditions that lead to Adam Keator's death by a foreseeable event, namely, the explosion." Rather than such a broad undifferentiated risk of explosion, the People were required to establish the "foreseeability of the actual immediate, triggering cause of the explosion" (People v Warner-Lambert Co., supra, at 307). Moreover, even if the explosion occurred as the fire investigator suggested, this cause was not foreseeable by the defendants. Defendants were entitled to rely upon the warranty of the manufacturer of the pressure washer that it was safe to use in a flammable atmosphere.

The court properly dismissed count 3 (endangering public health, safety or environment in the second degree) because the evidence before the Grand Jury did not establish that

defendants acted knowingly or intentionally. Without legally sufficient evidence to establish the triggering cause of the explosion, it is impossible to impute knowledge to the defendants that their conduct caused the victim's death. Moreover, even if there was a crime, the victim may be deemed a participant in it precluding liability under the statute (see, ECL 71-2713 [1]).

The court erred in dismissing counts 5, 6, 7 and 8 (falsifying business records in the second degree) against the defendant corporation and defendant Roth. The People established that these defendants knowingly and with intent to defraud misrepresented on designated shipping documents the destination of four separate shipments of waste (see, Penal Law § 175.05 [1]; *People ex rel. Hegeman v Corrigan,* 195 NY 1). There was no evidence, however, that defendant Wilson was responsible for the false entries and counts 5, 6, 7 and 8 were properly dismissed against him.

The court also erred in dismissing count 9 against defendants Roth and Wilson and counts 10, 11 and 12 against the corporate defendant, Roth and Wilson. These charges relate to illegal possession, transportation and storage of hazardous waste. The evidence was legally sufficient to establish that the waste in the tanker was hazardous because it had a flashpoint of 80.2 degrees Fahrenheit (see, 6 NYCRR 371.3 [b] [1] [i]). The evidence before the Grand Jury also established that defendants had no authorization to possess hazardous waste (count 9), no permit (count 10) or manifest (count 11) to transport it and no permit to store or dispose of it (count 12). The prosecutor was not obligated to charge the Grand Jury on each possible exemption in the hazardous waste regulations (see, *People v Valles,* 62 NY2d 36).

Lastly, the court erred in dismissing counts 13 and 14 against the individual defendants. These counts allege zoning violations for use and alteration of the facility without a certificate of occupancy (count 13), or building permit (count 14). The individual defendants may be held criminally liable for corporate conduct constituting such offenses (see, Penal Law § 20.25) and each individual defendant was actively involved in the operation of the corporate facility.

Accordingly, the order is affirmed insofar as it dismissed counts 1, 2, 3 and 4 against defendants Roth, Wilson and the corporation and counts 5, 6, 7 and 8 against defendant Wilson; and is modified by reinstating counts 5, 6, 7 and 8 against the corporation and Roth, count 9 against Roth and Wilson,

counts 10, 11 and 12 against Roth, Wilson and the corporation, and counts 13 and 14 against the individual defendants.

All concur, except Pine, J., who dissents, in part, in the following Memorandum.

Pine, J. (dissenting). I respectfully dissent in part. I would further modify by reinstating counts 1, 2 and 4. The majority holds that the cause of the explosion was hypothetical and speculative. The majority notes that a fire investigator testified that the explosion was caused by the use of a high pressure washer and that he and two other witnesses stated that other causes of the explosion were possible. In fact, the fire investigator testified that he was 99.9% certain that the explosion had been caused by the victim's use of the high pressure washer. Viewing the evidence in the light most favorable to the People, as we must, this was legally sufficient proof of causation (see, People v Reyes, 75 NY2d 590, 593); it cannot be said that the only evidence of the actual cause of the explosion was "hypothetical and speculative" (cf., People v Warner-Lambert Co., 51 NY2d 295, 304, cert denied 450 US 1031). I also disagree with the majority's holding that the cause of the explosion was not foreseeable by defendants. There was evidence that defendants Roth and Wilson were trained in hazardous waste removal procedures, thus creating the inference that they were aware of the necessity for explosion-proof equipment, yet none was provided, nor was decedent trained in tank cleaning procedures. That evidence was sufficient to establish that the triggering cause of the death was foreseeable (see, People v Warner-Lambert Co., supra; People v Kibbe, 35 NY2d 407). Whether defendants were entitled to rely on the manufacturer's warranty, as the majority concludes, is a question for trial. If the majority's holding is grounded on the principle that criminal liability should not be imposed for deaths resulting from industrial accidents (see, People v Warner-Lambert Co., supra, at 303, n 1), the majority should so specify. (Appeal from Order of Onondaga County Court, Cunningham, J.—Dismiss Indictment.) Present—Callahan, A. P. J., Doerr, Green and Pine, JJ.