OPINION OF THE COURT
John Carey, J.
Defendant’s instant motions to dismiss the indictment upon review of the Grand Jury proceedings require analysis of a prosecutor’s duty to instruct a Grand Jury as to an exculpatory defense. In deciding the motion, the court must respect *567 fully disagree with the recent decision in People v Mosby (NYLJ, May 15, 1992, at 28, col 3 [Sup Ct, Kings County]) in an area where appellate guidance would seem appropriate.
Defense counsel, in his affirmation, suggests that an alibi instruction was required at the Grand Jury proceedings because the "defense of alibi * * * is an exculpatory, as opposed to mitigating, defense,” and that failure to give such an instruction would constitute District Attorney error that so impairs the integrity of the Grand Jury proceeding as to justify dismissal of the indictment. He cites People v Valles (62 NY2d 36 [1984]) and Mosby (supra). The People (citing People v Darby, 75 NY2d 449 [1990]) counter that no such instruction was necessary here — none was in fact given — and that the strict standard for an impaired integrity dismissal is not met here. The court holds that no alibi instruction was required.
The basic principles are familiar. The District Attorney, in his capacity as legal advisor, must instruct the Grand Jury on the law with respect to the matters before it (CPL 190.25 [6]), although his instructions need not be so precise as a court’s instructions to a petit jury must be. (People v Calbud, Inc., 49 NY2d 389, 394 [1980].) The District Attorney’s paramount obligation is to "provide * * * the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed.” (Supra.)
Significantly, the Court of Appeals has described the role of the Grand Jury as follows: "The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution.” (People v Calbud, Inc., 49 NY2d 389, 394, supra [emphasis added].) Accordingly, the "intelligently to decide” standard necessarily encompasses not only the explicitly stated, but impersonal, question as to "whether a crime has been committed,” but also the implicit, more personal, question of whether a particular individual — a target of the Grand Jury investigation— committed the particular crime or crimes. If the rule were otherwise, there would be no need to analyze the utility of an alibi instruction in this case, since whether a particular suspect was present at the scene of an alleged assault and robbery has no bearing on "whether [assault or robbery] has been committed.”
Specifically with respect to defenses, the Court of Appeals has stated broadly that "the question of whether a particular *568 defense need be charged depends upon its potential for eliminating a needless or unfounded prosecution.” (People v Valles, supra, 62 NY2d, at 38.) A court reviewing Grand Jury minutes must ensure that a District Attorney instructed the panel as to an appropriate defense that was "complete” and "exculpatory,” such that if a Grand Jury could have found the defense to be applicable, "no indictment would have been returned and an unwarranted prosecution would have been avoided.” (Supra, at 38-39.) In contrast, Valles permits but does not require instruction as to "mitigating defenses” that "would not prevent unfounded criminal accusation, but would, at best, merely reduce the degree of the crime charged.” (Supra, at 39.) Defendant and his witness gave "complete” and "exculpatory” testimony to the Grand Jury, but examination of the applicable statutes and case law leads the court to conclude that Valles did not impose upon the presenting Assistant District Attorney in this case a duty to instruct grand jurors specifically as to alibi.
In cases discussing the need to instruct a Grand Jury as to a defense, the focus has generally been on defenses whose formulation may not be known to a layperson. The reason for this is clear: if a panel’s legal advisor does not instruct it as to the elements of such a defense, where those elements have arguably been presented, the members of the panel cannot be said to be capable of "intelligently” deciding whether a particular person should be charged with a particular crime. Hence, in Valles (supra), the presenting Assistant District Attorney had instructed the panel as to the justification defense after a stepfather testified that he had shot a man in an attempt to protect his stepdaughter from attack. Had the defense been made out, there would have been no crime at all; but the grand jurors needed to be instructed as to the particulars of the defense in order to understand this. For similar reasons, courts have noted the value of instructing Grand Juries as to entrapment (People v Karassik, 90 Misc 2d 839 [Sup Ct, Bronx County 1977]; People v LoBianco, 126 Misc 2d 519 [Sup Ct, Bronx County 1984]); as to the agency defense for narcotics-sale crimes (People v Ali, 137 Misc 2d 812 [Sup Ct, NY County 1987]); and as to the "claim-of-right” defense to larceny prosecutions, as set forth in Penal Law § 155.15 (People v Rosenbaum, 107 Misc 2d 501 [Sup Ct, Rockland County 1981]).
In each of these cases, a rule of law existed under which certain apparently criminal behavior is deemed to be noncriminal. Such is not true where an alibi "defense” is raised. In his *569 well-reasoned dissent in Valles (62 NY2d, supra, at 44 [emphasis added]), which argued for an expanded obligation to instruct Grand Juries on defenses, Judge Meyer collected citations to cases in which he said courts had "held that there is a duty on the prosecutor to instruct the Grand Jury with respect to affirmative defenses.” Only two of the cited cases were stated to involve instructions as to exculpatory evidence. In one, People v Ferrara (82 Misc 2d 270 [Nassau County Ct 1979]), the issue was instruction as to the above-mentioned defense of Penal Law § 155.15. The other cited case did not involve instructions at all, but the presentation of exculpatory evidence, an issue that need not be adjudicated here. Other than Valles, the only case cited by the parties concerning Grand Jury instructions regarding exculpatory evidence is Mosby (supra), with which this court respectfully disagrees. Justice Koch wrote in that case, "Because alibi is an exculpatory defense, the failure to charge it * * * was error. That in and of itself requires that the indictment be dismissed.” (People v Mosby, NYJL, May 15, 1992, at 28, col 4.)
Absent appellate guidance, the court must formulate a rule based upon its understanding of the Grand Jury role and of the holdings in prior cases. Where credible evidence before a Grand Jury could raise a question in the mind of a person of ordinary intelligence as to whether a particular person engaged in a criminal act, but does not raise a significant question as to whether a crime occurred, the rule should be as follows: The District Attorney need not instruct the Grand Jury as to the specifics of the reasoning process (such as "alibi” [a Latin term meaning "elsewhere”] or "mistaken identity”) by which a panel member could reasonably conclude that that particular person did not commit the acts described to the panel. Where appropriate, the panel should be instructed as to the rules for evaluating a witness’s credibility; of course, the panel must be instructed as to the applicable standard of proof. Other instructions regarding the evaluation of evidence should be given, as appropriate, but where the "defense” raised by the facts is "alibi,” no instruction specific to that "defense” should ordinarily be required.
Such a rule would make sense in light of the nature of the various "defenses” addressed in the cases. Such defenses as justification, entrapment and claim-of-right are defined by statutory and/or case law pronouncements of a detailed nature not readily known to laymen. (See, Penal Law art 35 [justification]; Penal Law § 40.05 [entrapment]; Penal Law *570 § 155.15 [claim-of-right and good-faith belief in truth of a charge].) The same is true of defenses such as duress (Penal Law § 40.00), renunciation of a criminal enterprise (Penal Law § 40.10) and of defenses specific to particular offenses (Vehicle and Traffic Law § 511 [4]; Penal Law § 180.20).
The appropriateness of the rule is borne out by the suggested instructions promulgated by the Committee on Criminal Jury Instructions. While the proposed instructions on such topics as justifiable use of force (see, e.g., 1 CJI[NY] 35.15 [2] [a] [deadly force]), entrapment (1 CJI[NY] 40.05) and renunciation (see, e.g., 1 CJI[NY] 40.10 [1] [renunciation by an accomplice]) are extensive and quite thorough regarding the elements of the defense described, the proposed instruction on alibi (1 CJI[NY] 12.10) is designed primarily to reemphasize the applicable rules as to evaluation of testimony and burden of proof. The proposed alibi instruction reminds the jury that the defendant has no burden to prove his whereabouts at the time of the charged offense. Such a reminder, necessary in the adversarial setting of a criminal trial, is not needed at a Grand Jury presentation, which "is not intended to be an adversarial proceeding. Rather [a Grand Jury] must determine initially whether reasonable cause exists [to believe] that a defendant committed a particular crime * * * as compared to a petit jury which must determine whether a defendant’s guilt has been proved beyond a reasonable doubt * * * The latter proceeding is adversarial, the former is not.” (People v Archer, NYLJ, July 28, 1992, at 22, cols 5, 6 [Sup Ct, Bronx County] [cited by defendant].)
Applying the above principles to the Grand Jury minutes. before the court, it is clear that the presenting Assistant District Attorney in instructing the panel after the conclusion of testimony, properly described the rules regarding the following topics: evaluation of the credibility of a witness with a prior criminal record, evaluation of the credibility of "interested” and "disinterested” witnesses, corroboration, and the degree of proof required in order to justify an indictment. The court now holds that such instructions were entirely adequate "to enable [the Grand Jury] intelligently to decide whether” Mr. Crump had been "elsewhere” at the time of the incident under consideration. (People v Calbud, Inc., 49 NY2d, supra, at 394.) Although it would not have been erroneous, in light of the alibi testimony presented, to give additional instructions, no further instruction was required on the subject of defendant’s "alibi”; the description of alibi as an "exculpatory *571 defense” does not bring it within the required instruction rule of Valles (supra).
To the extent that they are predicated upon the insufficiency of Grand Jury instructions, the motions to dismiss are therefore denied.
[Portions of opinion omitted for purposes of publication. The indictment was later dismissed upon reargument of a portion of this opinion which has been omitted for publication.]