■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL ORTIZ, Respondent.—Order, Supreme Court, New York County (Herbert I. Altman, J.), entered March 10, 1992, which granted defendant's motion to dismiss the indictment charging him with criminal sale of a controlled substance in the third degree, unanimously reversed, on the law, the indictment is reinstated, and the case is remitted to the Supreme Court for further proceedings.

The Grand Jury testimony related that on December 4, 1991, an undercover narcotics officer approached defendant Michael Ortiz and his companion in front of 440 West 49th Street in Manhattan and asked if they were "working." Ortiz responded "Yes," and displayed three plastic bags of marijuana. The undercover said he wanted coke, to which Ortiz's companion replied that they sold marijuana only. Ortiz asked the undercover where he was from and he responded, "I work on 50th Street. Jimmy usual[ly] hooks me up."

Telling the officer to wait, Ortiz walked to a fence across the street and, from under a cobblestone, removed a coffee cup and returned. He removed a bag of cocaine from the cup and passed it to the officer. Ortiz told the officer it cost $25.00

which the officer, in turn, handed over. Ortiz then gave the money to his companion. Shortly thereafter, Ortiz was arrested. The Grand Jury returned an indictment charging Ortiz with criminal sale of a controlled substance in the third degree.

Ortiz moved to inspect the Grand Jury minutes and to dismiss the indictment on the ground that the legal instructions to the Grand Jury were improper. The court granted the motion with leave to resubmit, finding: "As the evidence before the Grand Jury clearly supports the agency defense, the prosecutor was obligated to either instruct the Grand Jury with regard to that defense * * * or give the defense a choice as to whether the instruction should be given." We disagree with the court's conclusion that the evidence before the Grand Jury supported an agency defense.

"The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution" (People v Calbud, Inc., 49 NY2d 389, 394). "[W]hether a particular defense need be charged depends upon its potential for eliminating a needless or unfounded prosecution" (People v Valles, 62 NY2d 36, 38). Accordingly, an exculpatory defense, which would wholly vitiate criminal liability, must be charged where the evidence would reasonably support it (People v Lancaster, 69 NY2d 20, 26). The evidence presented to the Grand Jury was insufficient to support such a defense. There was no evidence that the defendant did not stand to profit, or that he acted merely as an extension of the buyer with no independent desire to promote the transaction. Indeed, the evidence pointed compellingly toward the conclusion that the defendant was the seller, and negated any reasonable view that he was an agent of the undercover officer (cf., People v Gonzales, 66 AD2d 828).

Accordingly, the order dismissing the indictment is reversed, the indictment is reinstated, and the case is remitted to the Supreme Court for further proceedings. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.