OPINION OF THE COURT
Peter J. Benitez, J.
Defendant is charged in the captioned indictment with robbery in the first degree and related offenses. Defendant has filed an omnibus motion seeking various forms of pretrial relief. The motions are decided as follows.
Defendant’s motion for court inspection of the Grand Jury minutes is granted. The motion for release of the Grand Jury minutes is denied. Having carefully examined the minutes, the court reaches the following decisions regarding the counts charged.
The evidence presented to the Grand Jury was that a man entered a pharmacy here in the Bronx wearing what the witness described as a “bandana” over the lower part of his face and a baseball hat, displayed and “clicked” what looked like a “gun” to the store clerk, and demanded that he fill a bag with money. The clerk complied and the robber fled from the store with the money. Six days later, the clerk identified defendant in a police-arranged lineup. The People also presented the arresting detective to the Grand Jury. That witness, Detective Houlihan, testified to a statement made by defendant after his arrest in which defendant admitted that he had entered the pharmacy on the date of the crime wearing a handkerchief *712 over his face. Defendant further stated that he showed a gun to the clerk behind the counter, clicked it and demanded money. Defendant stated that after receiving the money in a bag he fled. With respect to the gun, defendant stated it was “a small 380, black in color. There were no bullets in the gun.” The People instructed the Grand Jury on the elements of the crime of robbery in the first degree, Penal Law § 160.15 (4) (displayed what appeared to be a pistol, revolver or other firearm), robbery in the second degree, Penal Law § 160.10 (2) (b) (displayed what appeared to be a pistol, revolver or other firearm), criminal possession of a weapon in the fourth degree, Penal Law § 265.01 (2), and criminal possession of stolen property in the fifth degree, Penal Law § 165.40. The prosecutor’s charge included a reading of that portion of the statute defining robbery in the first degree that sets forth an affirmative defense to that degree of robbery, that the weapon displayed was either unloaded or inoperable. The filed indictment contains each of the submitted crimes, including both robbery in the first and second degrees.
Although the court finds that the evidence before the Grand Jury was legally sufficient to support count 1 charging defendant with robbery in the first degree under Penal Law § 160.15 (4), it is dismissing that count for the following reasons. A person is guilty of this offense when:
“he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
“4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm”. (Penal Law § 160.15 [4].) However, under this subdivision, “it is an affirmative defense that such * * * gun * * * was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime.” (Penal Law § 160.15 [4].) Thus, where defendant establishes by a preponderance of the evidence (Penal Law § 25.00 [2]) that what was displayed was not a loaded and operable weapon, guilt is mitigated from robbery in the first degree to robbery in the second degree. (See, People v Baskerville, 60 NY2d 374 [1983]; Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 160, at 321.)
*713 As a general rule, whether or not the prosecution must present evidence in its possession which supports a defense or affirmative defense or otherwise charge a Grand Jury regarding such defense where there is evidence before the Grand Jury to support it depends on whether the defense is exculpatory (i.e., completely excuses defendant from criminal liability) or merely mitigating (i.e., reduces the degree of defendant’s culpability). Evidence of an exculpatory defense must be presented and the Grand Jury charged on the law concerning that defense, while a mitigating defense need not. (People v Valles, 62 NY2d 36 [1984]; contrast with People v Gilliard, 72 NY2d 877 [1988] [circumstances under which the affirmative defense in Penal Law § 160.15 (4) must be charged at trial].) Clearly, evidence that the gun used during the robbery was unloaded or inoperable would be a mitigating rather than an exculpatory defense. Accordingly, the People were not required to present defendant’s statement to the Grand Jury and to charge them on the applicable affirmative defense. Moreover, even though the People chose to present defendant’s statement through the testimony of Detective Houlihan (perhaps because they were concerned about the fact that the victim described the robber as wearing something over his face which might have created questions about his ability to identify that person and, therefore, decided to introduce defendant’s admission), the People were not required to instruct the Grand Jury on the affirmative defense that may have been raised by defendant’s statement that “there were no bullets in the gun.” (See, People v Valles, supra.)
In this case, however, the People did charge the Grand Jury on the affirmative defense provided by Penal Law § 160.15 (4). Having given the affirmative defense to the Grand Jury, the People were then obligated to instruct the Grand Jury in a clear and comprehensible manner. (People v Calbud, Inc., 49 NY2d 389 [1980].) Instead, the Assistant presenting the case merely read the statutory language of Penal Law § 160.15 (4) to the Grand Jury without explaining the meaning and effect of the affirmative defense. In other words, the Grand Jury was not advised that defendant had the burden of proving that the gun used in the robbery was unloaded, and, more importantly that, if they found that defendant had satisfied his burden, that they should indict him for robbery in the second degree and not for robbery in the first degree. That the Grand Jury likely misunderstood how they were to apply the affirmative defense is evidenced by the fact that they voted to indict defen *714 dant for both robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (Penal Law § 160.10 [2] [b]).
In People v Goetz (68 NY2d 96, 115 [1986]), the Court stated that, when charging a Grand Jury with respect to complete defenses, a prosecutor is required to “provid[e] enough information [to the Grand Jury] to enable them to determine whether the defense, in light of the evidence, should preclude the criminal prosecution.” No appellate decisions have been found directly addressing the question of whether this standard is equally applicable when the prosecutor charges a Grand Jury regarding a mitigating defense. See, however, People v Malave (124 Misc 2d 210 [Sup Ct, NY County 1984]), where the court held that it was error for the prosecutor to have mischarged the Grand Jury on the elements of felony possession of a firearm and the effect that possession in one’s place of business has on such a charge. It is this court’s view that, while an instruction on an affirmative defense which merely mitigates the level of the crime to be charged does not involve the same possible consequences as one involving a complete defense, the same standard should be applied to the adequacy of these two different types of legal instructions. Recognizing the limited role the Grand Jury performs, to protect against unfounded accusations and unwarranted prosecutions (see, People v Valles, supra, at 38-39), where a legal instruction is so inaccurate and/or incomplete that it is meaningless, one should not excuse that failure by saying that it was not necessary to have given the instruction in the first place. To create two different standards for the accuracy and completeness of a legal instruction to the Grand Jury, one when a complete defense is charged and another when a mitigating defense is charged, would undermine the principle that decisions of Grand Juries, as with trial juries, must be made within the legal framework of the principles of law on which they are instructed. In the court’s view, the prosecutor’s instruction to the Grand Jury here was “so incomplete [and] misleading * * * that the integrity of that body [was] impaired.” (People v Calbud, Inc., supra, at 396; CPL 210.35 [5].) Accordingly, count 1 of the indictment charging defendant with robbery in the first degree is dismissed with leave to re-present. The motion to dismiss or reduce is denied as to counts 2 and 3 of the indictment.
With respect to the charge of criminal possession of a weapon in the fourth degree, the court finds that the evidence before the Grand Jury was not legally sufficient. Penal Law *715 § 265.01 (2) states that a person is guilty of this offense when “[h]e possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully, against another”. (Emphasis added.) This section does not apply where defendant possesses “what appeared to be a pistol” as incorrectly pleaded by the People in the fourth count of this indictment. The evidence before the Grand Jury was that the defendant pointed a black gun at the complainant during the robbery. However, there was no testimony that a gun was ever recovered and consequently no evidence that the gun was in fact an “imitation pistol”. Where the testimony establishes that defendant possessed a real, albeit unrecovered and possibly unloaded or inoperable gun, defendant cannot be charged with possessing an “imitation pistol”. (People v Wilfong, 146 Misc 2d 577 [App Term, 1st Dept 1990].) Accordingly, count 4 of the indictment charging defendant with criminal possession of a weapon in the fourth degree is dismissed.
Defendant’s motion to suppress physical evidence is granted to the extent that a Mapp hearing is ordered with the consent of the People.
Defendant’s motion to suppress identification testimony is granted to the extent that a Wade hearing is ordered with the consent of the People.
Defendant’s motion to suppress evidence of statements made to law enforcement personnel is granted to the extent that a Huntley hearing is ordered with the consent of the People.
Whether or not identification and/or statement evidence are the product of unlawful custody will be determined at the Mapp hearing.
Defendant’s Sandoval application will be determined immediately prior to trial.