OPINION OF THE COURT
Sarah L. Krauss, J.
Issue Presented
Defendant is charged in a prosecutor’s information with one count of assault in the third degree in violation of Penal Law § 120.00 (1). Defense counsel moves to: (1) inspect the Grand Jury minutes and dismiss the prosecutor’s information on the ground of legally insufficient Grand Jury evidence pursuant to *672 CPL 170.50 and 210.30, and (2) dismiss the prosecutor’s information on the ground of defective Grand Jury proceedings pursuant to CPL 170.50 and 210.35 (5).
This court initially grants the defense motion to inspect the Grand Jury minutes. After careful inspection of the minutes this court determines that the Grand Jury was presented with legally sufficient evidence to support the charge contained in the prosecutor’s information. (People v Jennings, 69 NY2d 103, 115 [1986].) For the reasons that follow, however, the prosecutor’s information must be dismissed because of errors in the instructions given to the Grand Jury.
Statement of Facts
Evidence was presented to the Grand Jury on April 6 and April 7, 2000 regarding an incident which took place between the defendant, Barbara Herbert,[1] and the two complainants, Clara and Marilyn Jennings.
Clara Jennings and her daughter Marilyn Jennings testified as witnesses for the prosecution. The defendant testified on her own behalf. The defendant’s boyfriend, John Brown, also testified on her behalf.
Clara Jennings testified that on April 1, 2000, while at a club, she observed defendant, Barbara Herbert, fighting with another patron. When Ms. Jennings attempted to intervene the defendant began to approach her with a knife. In response, Ms. Jennings sprayed the defendant in the face with mace. Ms. Jennings then left the club. As she walked home defendant followed her throwing bricks and bottles. As Ms. Jennings was approaching home, her daughter, Marilyn Jennings, arrived on the scene and confronted the defendant. Ms. Jennings then observed the defendant attack her daughter Marilyn.
Marilyn Jennings testified that while she and her sister were in their mother’s apartment, her mother buzzed the intercom and informed them that the defendant had attacked her and followed her home. Marilyn Jennings then left the apartment and went outside. She approached the defendant to find out what had happened. The defendant then kicked her on the left ankle. She then grabbed the defendant and they began grappling each other until they fell onto the ground. As they fell the defendant collapsed onto Ms. Jennings’ left leg which resulted in a fracture to that leg.
*673 The defendant, Barbara Herbert, testified that she did not threaten or attack Clara Jennings at the club. After Clara Jennings “maced” her Ms. Herbert was escorted outside by her boyfriend, John Brown. While outside Clara Jennings threatened to call the police and get her daughters to “fuck her up.” Ms. Herbert, who lives on the same street as Clara Jennings, began walking home. Both women were walking in the same direction on opposite sides of the street. As Ms. Herbert was making her way home both Marilyn Jennings and another daughter of Clara Jennings confronted her. The two sisters both swung at Ms. Herbert and hit her. A fight then ensued. The police eventually arrived and initially were unwilling to arrest anyone. Ms. Herbert, however, who was still in pain from having been “maced,” insisted on pressing charges against Clara Jennings. As a result, both Clara Jennings and Barbara Herbert were arrested. Ms. Jennings was later released and no charges were ultimately presented against her.
John Brown testified that after the incident at the club he began walking Ms. Herbert home until she asked him to call “911.” Mr. Brown then momentarily left Ms. Herbert to locate a pay phone.[2] When he returned to Ms. Herbert he observed two of Clara Jennings’ daughters, whom he described as “fat,” laying upon the defendant on the ground. Mr. Brown, however, did not observe the entire incident.
After all testimony was concluded the prosecution instructed the Grand Jury on the law and presented it with four counts for consideration. With respect to the incident involving the defendant and Clara Jennings, the prosecution charged attempted assault in the third degree and menacing in the second degree. With respect to the incident involving the defendant and Marilyn Jennings, the prosecution charged assault in the second degree and assault in the third degree. The Grand Jury returned a no true bill on all counts except for assault in the third degree with respect to complainant Marilyn Jennings, and directed that a prosecutor’s information be filed in Criminal Court.
On April 28, 2000, three weeks after the Grand Jury had directed the District Attorney (DA) to file a prosecutor’s information charging defendant with assault in the third degree, the prosecution resubmitted the case to the same Grand Jury. *674 The Assistant District Attorney (ADA) instructed the Grand Jury to disregard the vote as to assault in the third degree because they were required to consider further legal instructions. These instructions included a charge regarding the defense of justification. The Grand Jury was also charged that the events giving rise to this prosecution occurred on April 2, 2000 and not April 1, 2000 as they had been previously instructed.
The prosecution then asked the Grand Jury to consider four counts arising from the incident involving only the defendant and Marilyn Jennings. These counts were: (1) assault in the third degree; (2) attempted assault in the third degree; (3) harassment in the second degree; and (4) menacing in the third degree. The Grand Jury deliberated and voted no true bill on all charges except for assault in the third degree and directed the District Attorney to file a prosecutor’s information.
Later the same day the ADA once again resubmitted the case to the same Grand Jury and asked it to disregard its vote with respect to the count of assault in the third degree because it had been incorrectly charged that the incident occurred on April 2, 2000. The ADA then recharged the Grand Jury with respect to the single count of assault in the third degree as it related to the events of April 1, 2000. The Grand Jury again deliberated and returned a true bill on the assault count. A prosecutor’s information dated May 10, 2000 was eventually filed with the Kings County Criminal Court charging the defendant with assault in the third degree.
Legal Analysis
The District Attorney is required to instruct the Grand Jury on the law with respect to matters before it. (CPL 190.25 [6].) The failure to furnish adequate or complete instructions may, in a given case, render the Grand Jury proceedings defective, mandating dismissal of the indictment. (People v Calbud, Inc., 49 NY2d 389, 394 [1980].) While instructions to the Grand Jury need not be as precise as those given to a petit jury, they may not be so misleading or incomplete as to substantially undermine the integrity of the proceedings. (See, People v Caracciola, 78 NY2d 1021 [1991]; People v Batashure, 75 NY2d 306, 311-312 [1990]; Calbud, supra, 49 NY2d, at 396; People v Melendez, 155 Misc 2d 196 [Sup Ct, Kings County 1992].)
The defendant’s testimony raised the issue of justification. The prosecution, however, failed to initially instruct the Grand Jury on this defense. A defense of justification, or “self-defense” as it is more commonly known, is considered a complete defense *675 which would, if believed, result in a finding of no criminal liability. (People v Valles, 62 NY2d 36, 38-39 [1984]; Penal Law § 35.05.)[3] When raised, an exculpatory defense, such ás justification, must be charged to the Grand Jury. (Supra.) The failure to charge a Grand Jury on the justification defense will result in a sufficient basis to dismiss any charges to which the defense applies. (See, Valles, supra, at 38-39; People v Karp, 158 AD2d 378, 380-381 [1st Dept 1990], revd on other grounds 76 NY2d 1006; People v Davis, 119 Misc 2d 1013 [Sup Ct, Queens County 1983].)
In this case, the prosecution attempted to correct its failure to provide adequate legal instructions to the Grand Jury by resubmitting the case three weeks later and, for the first time, charging the justification defense. In so doing, however, the ADA failed to clearly explain why the Grand Jury was now being asked to disregard its prior vote of true bill on the count of assault in the third degree. To add to the confusion the ADA requested that the Grand Jury reconsider not only the count of assault in the third degree, but also three additional counts which had previously not been submitted. The confusion of the Grand Jurors was evident in the colloquy which took place between the Grand Jury and the ADA following the legal instructions and the presentation of the four counts (set out in the footnote).[4]
*676 Moreover, the actual legal instructions with respect to the justification defense (set out in footnote)[5] were misleading and *677 confusing. Most of the justification charge deals with “withdrawal” of the initial aggressor and “provocation” by the defendant. These two legal concepts should not have been charged to the Grand Jury. There was no evidence presented before the Grand Jury that the defendant either “withdrew” from the encounter or “provoked” the encounter with Marilyn Jennings.[6] In addition, there is no explanation regarding the legal definition of “initial aggressor.”[7]
Finally, once the Grand Jury was read the incomplete and unnecessarily complicated justification charge, they were given a legal standard to apply which would have been baffling to even an experienced attorney, to wit:
“only if you find that the defendant was not justified in using physical force against the complainant and only if you further find that all the elements of the crime that I am about to charge are established by legally sufficient evidence and reasonable cause to believe [sic] may you return a True Bill.”
At no point was the Grand Jury ever instructed that, “if you find that the defendant was justified in using physical force, then you must return a No True Bill.” This statement of law is clearer and easier to comprehend than the converse instruction given by the ADA. It is also analogous to the standard justification instruction charged to a petit jury following trial.[8]
To compound the confusion, the Grand Jury was incorrectly informed by the ADA that the incident did not occur on April *678 1, 2000, as it had been previously instructed, but on April 2, 2000.[9]
In light of the initial failure of the prosecution to charge the justification defense, the three-week delay in resubmitting the case to the Grand Jury, the failure of the ADA to clearly explain the purpose of the resubmission despite obvious juror confusion, the misleading and confusing justification charge and the careless instruction regarding the date of the incident, this court finds that the prosecutor’s information must be dismissed as a result of defective Grand Jury proceedings. (CPL 170.50, 210.35 [5].)[10]
Conclusion
For the foregoing reasons, the defendant’s motion to dismiss the prosecutor’s information on the ground of defective Grand Jury proceedings pursuant to CPL 170.50 and 210.35 (5) is granted with leave to resubmit the charge of assault in the third degree to another Grand Jury in accordance with CPL 170.50 (3), if the DA wishes to do so.* [11]

. Both complainants and the defendant are known to each other and are related through marriage. The defendant is the sister of Ms. Clara Jennings’ daughter-in-law.

. Mr. Brown was unable to directly call “911” because a friend of Ms. Herbert’s was using the nearest pay phone. However, he asked this person to call “911” and explained that Ms. Herbert and Clara Jennings had been involved in a “little altercation.”

. The Court of Appeals in Valles (supra) differentiates between exculpatory, or complete defenses, which would exonerate a defendant from criminal liability, and mitigating defenses, which would merely reduce the gravity of the offense. Exculpatory, or complete defenses, must be charged to the Grand Jury while mitigating defenses need not be. (Id., at 39.) The rationale is that exculpatory defenses have the potential of eliminating a needless or unfounded prosecution, while mitigating defenses would not prevent unfounded criminal prosecution, but would, at best, only reduce the degree of crime charged. (Id., at 38-39.)

. “ada: Are there any questions
“juror: We already voted assault 3 on this, right? We didn’t vote any of the other charges?
“ada: Just to clarify, on April 7, 2000 you considered assault 3 only with regard to Marilyn Jennings and you considered Assault in the Second Degree, Menacing in the Second Degree and I believe attempted Assault in the Third Degree with regard to, I think it was Clara Jennings and those were the charges that you voted No True Bill. The only thing that you are know [szc] being asked is to disregard the count of Assault in the Third Degree which you previously voted a True Bill for Marilyn Jennings and to consider the four charges, Assault in the Third Degree, Attempted Assault in the Third Degree, Menacing and Harassment with regard to Marilyn Jennings. Does that clarify it?
*676 “juror: Yes.
“ada: Are there any farther questions. Let the record reflect there are none * * * I will now leave you to deliberate and vote. Thank You.
“[Whereupon the Assistant District Attorney and the Court Reporter exited the Grand Jury room.]
“[Whereupon the Assistant District Attorney and the Court Reporter returned to the Grand Jury room.]
“foreperson: Some of the members have questions about whether or not these charges apply to the daughter or to the mother.
“ada: It’s your recollection that controls, but it is my understanding that Clara Jennings was the mother and that Marilyn Jennings is her daughter. Again these charges only apply with respect to Marilyn Jennings who is Clara Jennings [’] daughter. Does that refresh your recollections?
“jurors: Yes.
“ada: Do you have any other questions?
“juror: The first charge didn’t they apply to Marilyn Jennings?
“ada: You did vote a True Bill with regard to Assault in the Third Degree which did apply to Marilyn Jennings. I believe the other charges that you voted a No True Bill on were with regard to Clara Jennings.
“juror: Right. But then you told us to disregard the Assault in the Third Degree.
“ada: Because I’m asking you to reconsider it again in light of the further instructions that I have read and that’s why you’re disregarding that vote, however [sic] Once you vote a No True Bill on the other charges that stays. Any other questions? Let the record reflect that there are none. I will now leave you to deliberate and vote once again.”

. “Justification, self defense. A defendant’s conduct is justifiable and not criminal when, under the law as I shall define it, he has acted in self defense.
“A defendant may use physical force upon another person when and to the extent that he or she reasonably believes it is necessary to defend him or herself or another person from what he or she reasonably believes to be the use or intimate [sic] use of unlawful physical force upon another.
“A defendant may not use physical force to defend him or herself if he was the initial aggressor, except the defendant’s use of physical force nonetheless is justifiable if the defendant withdraw [sic] from the encounter or altercation and also effectively communicated this withdrawal to the complainant who nevertheless continued to use or threatened to use unlawful physical force.
“That is to say, if you find that the defendant was the initial aggressor, but that he or she withdrew from the encounter and the defendant effectively communicated this to the complainant who then continued to use or threatened the use of physical force, then you may find that the defendant was justified in using physical force against the defendant to defendant himself.
“A defendant may not use physical force to defend himself if the defendant provoked the incident with the intent to cause physical injury to the complainant.
“In conclusion, only if you find that the defendant was not justified in using physical force against the complainant and only if you further find that *677 all the elements of the crime that I am about to charge are established by legally sufficient evidence and reasonable cause to believe may you return a True Bill.”

. The New York Criminal Jury Instructions provide a standard justification or “self-defense” charge. This charge, which is found in 1 CJI(NY) 35.15 (at 858), provides that the language in the charge regarding the “withdrawal” of an initial aggressor should be included only if applicable. It further explains that the portion of the charge dealing with “provocation” should be included only if there is substantial evidence that the defendant provoked the attack (i.e., that the defendant instigated a quarrel with the premeditated intention of provoking a complainant into striking or attempting to strike him in order that he may retaliate by the use of physical force against the complainant).

. See, e.g., 1 CJI(NY) 35.15 (1), at 859 (the legal standard used to determine who is the “initial aggressor” must be charged if there is substantial evidence that the defendant was the initial aggressor).

. 1 CJI(NY) 35.15 (1), at 858, explains that “if a defendant is otherwise guilty, if you [the petit jury] should determine that he acted in ‘self-defense’, i.e., with ‘justification,’ then he must nevertheless be found not guilty.”

. This mistake required the ADA to once more resubmit the case after the Grand Jury had voted true bill on the charge of assault in the third degree for the second time.

. The defendant argues in her motion papers that the defect in the Grand Jury proceedings resulted from an unauthorized resubmission of the case. This contention, however, is without merit. CPL 190.75 (3) prohibits the DA, without leave of court, from resubmitting a charge that has been previously dismissed by the Grand Jury. In this case the DA did not violate the proscriptions of CPL 190.75 (3) since no previously dismissed charges were ever resubmitted.

. In the future, this court strongly recommends that when the issue of justification is raised during Grand Jury proceedings, the prosecution use the justification charge found in 1 CJI(NY) 35.15 (at 858), as a guide in charging a Grand Jury.