*915 OPINION OF THE COURT
Gerald E. Loehr, J.
Defendant by his attorney moves for various relief. The omnibus motion is disposed of as follows:
This court has granted the defendant’s motion to inspect and has read the grand jury minutes in camera. The evidence adduced before the grand jury was that, while sitting on the porch of his home, the defendant observed the complainant intentionally or accidentally hit his car with a tire which the complainant was rolling down the street to his home a few houses away. Words were exchanged and threats made whereupon the complainant continued home and returned almost immediately with his brother-in-law. A fight then ensued between the defendant and the complainant and his brother-in-law* on the porch which culminated with the defendant stabbing the complainant in the buttocks.
The defendant testified. Repeatedly during his cross-examination, the prosecutor asked of the defendant: “When you saw these two guys approaching you, did you try to run back into your house because your house was right there?” Clearly, this line of questioning gave the grand jury the impression that the defendant was under a duty to retreat. Moreover, while the prosecutor charged justification, when he read Penal Law § 35.15 to the grand jury, he omitted the proviso that “the actor is under no duty to retreat if he or she is: (i) in his or her dwelling and not the initial aggressor.” (Penal Law § 35.15 [2] [a].) The prosecutor also failed to charge that it was the People’s burden to disprove justification.
The term “dwelling” encompasses a house, an apartment or a part of a structure where the defendant lives and where others are ordinarily excluded — the antithesis of which is routine access to or use of an area by strangers (People v Hernandez, 98 NY2d 175, 183 [2002]). Thus, a porch which is in the exclusive possession of a defendant is part of his dwelling for justification purposes (People v Aiken, 4 NY3d 324, 330 [2005], citing State v Blue, 356 NC 79, 565 SE2d 133 [2002]). On this record, the porch upon which the defendant was sitting when he was approached and accosted by the complainant and his brother-in-law was part of the defendant’s dwelling. He was therefore under no duty to retreat.
*916 The district attorney is required to instruct the grand jury on the law with respect to matters before it (see CPL 190.25 [6]). If the district attorney fails to instruct the grand jury on a defense that would eliminate a needless or unfounded prosecution the proceeding is defective, mandating dismissal of the indictment (see CPL 210.35 [5]; People v Valles, 62 NY2d 36, 38 [1984]; People v Calbud, Inc., 49 NY2d 389 [1980]). Where, as here, the evidence before the grand jury supports it, a charge on justification must be given (People v Samuels, 12 AD3d 695, 698 [2d Dept 2004]). The inaccurate and incomplete instruction given here which implied that the defendant had a duty to retreat when he may well have been under no such duty impaired the integrity of the proceeding to the prejudice of the defendant. The indictment is therefore dismissed with leave to resubmit the charges to another grand jury (id.).

 There was conflicting testimony as to who was the initial aggressor: the defendant or the complainant.