| People v Smith |
| :---: |
| **People v Smith** |
| 2023 NY Slip Op 34716(U) |
| June 30, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-70836-002 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED
AND
ENTERED
ON **6-30-2023**
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -

TORRELL SMITH,

                                    Defendant.
------------------------------------------------------------------X

NEARY, J.

DECISION AND ORDER

Ind. No. 23-70836-002

The defendant, Torrell Smith, has been charged with the crimes of

Attempted Robbery in the First Degree (three counts), Attempted Robbery in the Second Degree,

Attempted Assault in the First Degree and Assault in the Second Degree. The defendant has

made an omnibus motion which consists of a Notice of Motion and an Affirmation in support

thereof. In response, the People have filed an Affirmation in Opposition together with a



FILED

JUN 3 0 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

*People v. Torrell Smith*
Indictment No. 23-70836-002

Memorandum of Law. Lastly, the defendant has filed a Reply Affirmation. Having read all of the submitted papers and reviewed the court file, this Court makes the following determination.

<u>MOTION TO INSPECT THE GRAND JURY MINUTES AND TO DISMISS THE INDICTMENT PURSUANT TO CPL 210.30(10 AND (2)</u>

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (See *People v. Calbud*, 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles,* 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter.

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

[* 2]

## MOTION TO SUPPRESS ANY AND ALL IDENTIFICATIONS OF THE DEFENDANT MADE BY A WITNESS OR IN THE ALTERNATIVE FOR A *WADE* HEARING PURSUANT TO CPL SECTIONS 710.

This motion is granted to the limited extent of conducting a hearing prior to trial to determine whether or not the noticed identifications are unduly suggestive. [See *United States v. Wade*, 388 US 218, 87 S Ct. 1926, 18 LE2d 1149]. Specifically, the Court shall determine whether the identifications were so improperly suggestive as to taint any in-court identification. In the event the identifications are found to be unduly suggestive, the Court shall then go on to consider whether the People have proven by clear and convincing evidence that an independent source exists for such witness' proposed in-court identification.

The hearing will also address whether any identifying witness had a prior familiarity with either defendant, the basis of which would render that witness impervious to suggestion with respect to any identification procedure. [See *People v. Rodriguez*, 79 NY2d 445].

As to any viewing of surveillance videos depicting portions of the crime in progress, the motion to suppress is denied as such viewings do not constitute identification procedures within the meaning of CPL 710.30. No selection process is involved and the identifying witness was present in the video. [See *People v. Gee*, 99 NY2d 158]. This is not the type of procedure which is subject to suppression.

[* 3]

*People v. Torrell Smith*
Indictment No. 23-70836-002

## MOTION TO SUPPRESS ANY AND ALL PHYSICAL EVIDENCE SEIZED BY LAW ENFORCEMENT PERSONNEL OR IN THE ALTERNATIVE FOR A *MAPP* HEARING

This branch of the defendant's motion is granted solely to the extent of conducting a *Mapp* hearing prior to trial to determine the propriety of any search resulting in the seizure of property (see *Mapp v. Ohio*, 367 US 643, 81 S Ct. 1684, 6 LE2d 1081) and whether any evidence was obtained in violation of the defendant's Sixth Amendment right to counsel and/or obtained in violation of the defendant's Fourth Amendment rights. [See *Dunaway v. New York*, 42 US 200, 99 S Ct. 2248, 60LE2d 824].

## MOTION TO SEVERE THE TRIAL OF THE DEFENDANT FROM THE TRIAL OF THE CO-DEFENDANT PURSUANT TO CPL 200.40

The defendant moves for a severance from his co-defendant. The defendant was properly joined in the same indictment. [See CPL §200.40(1)]. The Court may, however, for good cause shown order that defendant be tried separately. Good cause includes a showing that defendant would be "unduly prejudiced by a joint trial." [See CPL §200.40(1)]. Further, where the proof against all defendants is supplied by the same evidence, "only the most cogent reasons warrant a severance." [See *People v. Bornholdt*, 33 NY2d 75, 87, *cert. denied* 416 US 95 and *People v. Kevin Watts*, 159 AD2d 740]. And, ". . . a strong public policy favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses. . . ." [*People v. Mahboubian*, 74 NY2d 174, 183].

This Court must determine the admissibility and possibility of the redaction of the co-defendant's statements and whether the co-defendant will be testifying at defendant's trial.

*People v. Torrell Smith*
Indictment No. 23-70836-002

According, the defendant's motion for a severance is denied as premature, with leave to renew upon a determination of the admissibility of co-defendant's alleged statements, and upon a showing that a joint trial will result in unfair prejudice to him and substantially impair his defense.

MOTION FOR A *SANDOVAL/VENTIMIGLIA* HEARING

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of the defendant. Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial. [See *People v. Sandoval*, 34 NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
      June 30, 2023

_____
ROBERT A. NEARY
SUPREME COURT JUSTICE

Page 5

*People v. Torrell Smith*
Indictment No. 23-70836-002


Elizabeth H. Shumejda
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
eshumejda@westchesterda.net

Robert G. Schneider, Esq.
Attorney for Defendant Torrell Smith
498A Heritage Hills
Somers, New York 10589
Robertschneideresq@yahoo.com